H. M. BROOKS et al. v. J. L. AUSTIN et al.

*Husband and Wife—Marriage Contract—Partition—Tenants in Common.*

1. An executory agreement made between persons competent to con tract, in contemplation of marriage, wherein it is stipulated by the wife, that she shall take an equal share with the heirs at law and distributees of the husband "in lieu of dower and any other provision made and provided by law for widows of deceased persons," will be enforced by the Courts in the exercise of their equitable jurisdiction.

2. Tenants in common of an undivided interest in lands, are not entitled to have either actual partition, or a sale for partition of such interest, unless the owners of the remaining interests are made parties to the proceeding, the Statute—§1904 of *The Code*—requiring that the *whole* tract shall be partitioned or sold—though shares may be allotted to some of the tenants, while a sale may be decreed as to others.

(*Cawley* v. *Lawson*, 5 Jones' Eq., 132; *Simpson* v. *Wallace*, 83 N. C., 477, cited and approved.)

SPECIAL PROCEEDINGS for partition, heard by *Shipp, Judge*, at Fall Term, 1885, of UNION Superior Court.

(The same case is reported in 94 N. C., 222.)

This was a petition for partition of land among the tenants in common and heirs at law of B. D. Austin, commenced before the Clerk of the Superior Court.

Catharine Helms, one of the defendants, was the widow of B. D. Austin, and is now the wife of A. M. Helms. Said

Catharine and B. D. Austin entered into an antenuptial contract in October, 1883, whereby it was agreed that she should become entitled to a child's part of his estate.

The petitioners ask that the land be sold and the proceeds divided according to their respective interests.

The answer of the defendants, raises the question of the right of said Catharine to dower, and in their answer, among other things, they allege that by virtue of said contract, she lost her right of dower and her right to a year's support, and is only entitled to share equally with the heirs-at-law of said B. D. Austin in the property on hand and owned by him at the time of his death.

The answer of A. M. Helms and wife Catharine, among other things, sets up a claim to dower, and asks that the same be laid off.

The antenuptial agreement set up in the pleadings is in these words:

"Know all men by these presents, that I, B. D. Austin, of Union county, and State aforesaid, of the first part, and Catharine Green, of the same county and State, of the second part, doth covenant and agree to the following contract, to-wit: Provided Catharine Green hereafter becomes to be the wife of B. D. Austin, I, B. D. Austin, doth agree for the kind love and affection I have for her, Catherine Green, to make her an equal and lawful heir, with all my other lawful heirs, of all the real and personal property I possess at the time of my death, in lieu and instead of dower or any other provision made and provided by law for widows of deceased husbands. I, Catharine Green, doth covenant and agree to take the distributive share with the other heirs of B. D. Austin, provided I hereafter become the wife B. D. Austin, in place of dower or any provison made and provided by law for widows of deceased husbands. Signed and sealed in the presence of us, October 16th, 1884."

The lands described in the petition consist of a tract whereon the intestate from whom they descend in his life-time resided, reduced from its original dimensions by parcels advanced to children, to 123 acres, and of a three-tenth interest in a tract known as the "Dismuke Gold Mine Tract," containing about 30 acres.

The Clerk ruled that the *feme* defendant, Catharine, was bound by her contract, and could only take her one-twelfth part, with the other heirs-at-law, of said land, and adjudged a sale thereof for partition. Upon an appeal to the Judge, this ruling was affirmed, and thence the cause is removed by Helms and wife to this Court.

*Mr. D. A. Covington*, for the plaintiffs.
*Mr. I. T. Strayhorn*, for the defendants Helms and wife.

SMITH, C. J., (after stating the facts). We find no just grounds of exception to the validity and efficacy of the agreement as to the estate and interest which the *feme* shall have in her husband's property after their contemplated marriage and his death. The contract relates to *his* property, leaving her, under the general law, to retain all her own. The marriage is the essential consideration of the agreement to be content with the share which would fall to a child, in the event of his intestacy.

The contract does not enable him to cut her off by executing a will which disposes of the estate to outside parties, but secures, in any event, to her that which would be the share of a child in the absence of any testamentary disposition. So it is understood by the heirs, and they open the door for her to enter and share with them the inherited lands.

Whatever may have been the action of a court of law in the enforcement of technical rules, a court of equity will enforce 'an executory agreement between parties about to enter the marriage relation and carry out its provisions.

"In the court of equity," remarks Mr. Bishop, quoting from Bell on Husband and Wife, 326, "if, upon marriage, the husband, by agreement between him and the wife, she being adult, had made any provision for her which she accepted in lieu of dower, equity, acting upon the jurisdiction which it has at all times exercised of enforcing agreements between parties competent to enter into them, would have enforced the agreement as a bar to dower upon the footing of preventing a double satisfaction, namely, the enjoyment of the provision, and likewise of dower. 1 Bishop's Law of Married Women, §363. In *Cawley* v. *Lawson*, 5 Jones Eq., 132, there was an antenuptial contract by which it was covenanted, on the death of the other, each was to resume his and her own property, as held at the marriage, and take no interest in, nor set up any claim to anything belonging to the decedent. On a bill filed by the distributees and next-of-kin of the husband, against the surviving widow, who became administratrix, for an account of his estate, the claim was sustained, and MANLY, J., delivering the opinion, says: "The covenants extend to every claim of every sort, which the defendant can set up to the real or personal estate of her husband, as his widow. *She is precluded, therefore, as we think, in this Court, from dower, distributive share, or year's provision in her husband's estate.*"

Here the covenant is explicit, to accept a child's share in the real and personal estate of her husband, and he covenants that she shall have such in place of dower and a year's provisions; and we are clearly of the opinion that she must abide by this mutual agreement.

We have considered only the question presented in the record in determining the appeal. But to avoid any inference from silence, we advert to the fact that a three-tenths interest in the thirty acre tract is proposed to be sold also for division, the tenant or tenants of the other seven-tenths not being before the Court, nor could they rightfully be, since

they have no property in common in the larger tract. *Simpson* v. *Wallace*, 83 N. C., 477.

We have met with no case in which such an undivided interest has been the subject of partition and sale at the instance of those owning it, when the other tenants are not present in the action.

The statute requires actual partition among tenants in common of the whole tract, though shares may be united and apportioned to several, or a single share may be allotted to one, the residue of the land being still held in common by the other tenants, but however done, the partition must be of the whole. The sale as a mode of partition can only be resorted to when otherwise it would be to "the injury of some or all of the parties interested." *The Code*, §1904.

The actual divisibility of the land into parts as an inquiry to be made before an order of sale, can only be legally made when all the tenants are before the Court. Should this be practicable, and the three-tenths parts be converted into an estate in severalty, in the portion assigned to such owners, this separate land, divested of all other claims, might properly be included in the petition for partition and sale of the larger tract that belongs exclusively to the parties to the suit. Or, if a sale become necessary, the proceeds could be appropriated among the common owners, and petition be made without further action.

These suggestions are made for the consideration of parties, and more especially in view of the fact that the tenants, all of full age as the petition alleges, and by their own united action, sell this undivided interest and divide the proceeds upon the basis of our ruling as to their several and respective rights.

There is no error.

No error.                                   Affirmed.