JOSEPH F. TAYLOE v. MRS. ANNIE H. CARROW AND
HUSBAND ET AL.

(Filed 13 September, 1911.)

1. **Tenants in Common—Partition—Appeal from Clerk—Judge's Discretion—Appeal and Error.**

    In proceedings under a petition for partition of lands, the action of the judge in setting aside the report of the clerk for a partial division and ordering a sale, for the reason that he has found as a fact that the land cannot be fairly divided, is within his discretion, and is not reviewable on appeal.

2. **Partition—Tenants in Common—Actual Partition—Sale.**

    *Prima facie,* tenants in common are entitled to actual partition; but only when such partition can be made without injury to any of the parties. Revisal, 2512.

3. **Tenants in Common—Partition—Interlocutory Orders—Final Decree.**

    Until the decree of confirmation by the judge, the proceedings for the partition of lands are not final, but interlocutory, and rest in his discretion.

4. **Same—Rereference.**

    Before the decree of confirmation, orders made by the judge in proceedings for partition, as to a part sale and part actual division, allotting a certain part of the lands to one of the peti-

tioners, are interlocutory, and it is within his discretion there-after and before entering the final order of confirmation to refer the matter to new commissioners under an order to sell the land for a division of the proceeds, having found that his former order would not have been fair to all the parties interested.

5. Partition—Appeal from Clerk—Different Judges—Interlocutory Orders.

When appeals from the clerk in proceedings for partition are made successively to different judges, a judge before whom comes a later appeal may set aside or modify a former interlocutory order, it not being required for that purpose that the same judge should have passed upon the former appeals.

APPEAL by plaintiffs from *Ward, J.,* at March Term, 1911, of BEAUFORT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. C. Rodman, Small, McLean & McMullan* for petitioner.
*Nicholson & Daniel* for appellant.
*Martin & Critcher* for defendant Godwin.

CLARK, C. J. This is a petition for sale of land for partition, the plaintiff alleging that the land was not susceptible of actual partition. Some of the defendants answered, asking that the land be actually divided. The clerk made an order directing actual partition and appointing commissioners. To this order the petitioner and certain of the defendants excepted. The commissioners attempted to make actual partition, and filed a report, but two of them reported further that owing to the shape, area, and topography of the land the best interest of all the parties would be subserved by a sale. This the clerk over-ruled and confirmed the report. Upon appeal to the judge the partition was set aside and the commissioners were directed to set apart and allot one-seventh in value of the land to the defendant, Annie Carrow (who alone insisted on actual partition), and ordered a sale of the remainder for partition. The second set of commissioners made their report, which was confirmed by the clerk; but on appeal the judge set aside the report of the commissioners and directed that the entire property be sold

for partition, finding as a fact that this property could not be fairly divided and that a sale would best subserve the interests of all parties.

In *Ledbetter v. Pinner,* 120 N. C., 455, the Court said: "The only controverted fact arising on the pleadings was as to the advisability of a sale for partition or an actual partition. This was not an issue of fact, but a question of fact for the decision of the clerk in the first instance, subject to review by the judge on appeal."

This action of the judge in setting aside the report and ordering a sale is not reviewable unless there is an error of law committed. In *Simmons v. Foscue,* 81 N. C., 86, the Court said: "Of the force and effect of the evidence in inducing the exercise of that reasonable discretion reposed by law in the judge when called on to confirm the action of the commissioners, he alone must determine, and if no error in law was committed we cannot reverse his decision." This has been cited and approved, *Trull v. Rice,* 92 N. C., 572; *McMillan v. McMillan,* 123 N. C., 577.

The appellant, Annie Carrow, insists that error in law was committed in that the judge having decreed actual allotment to her of one-seventh and a sale of the remainder, the matter was *res judicata,* and he could not, upon setting aside the report, decree a sale of the part allotted to her. Rev., 2516, authorizes the judge to decree actual partition of a part of the land and a sale of the remainder, but his decree to that effect is interlocutory, as much so as the decree for the sale of the remainder. Until the confirmation of the report, the whole matter rests in the judgment of the clerk, subject to review by the judge, whose action is binding on us unless an error of law has been committed. A judge might well find on the coming in of a report that the clerk's former order directing actual partition was impracticable, as the judge found here upon the report of two of the commissioners, and direct, as his Honor has done, that the report be set aside and actual partition made of part and a sale made for partition of the rest. For the same reason he might find, as he has done on the second report coming in, that the

evidence showed that the actual allotment of a part of the land to one tenant in common was impracticable, or that it damaged the sale of the remainder of the tract. He has so found as a fact in the case, and thereupon it was eminently proper that he should set aside the report and with it the former order directing the allotment to Annie Carrow, and decree a sale of the whole tract at an upset price, both in parcels and as a whole (as he has done here), and on coming in of the report of this sale it will be competent for the judge, upon appeal from the clerk, to confirm said sale or set aside the report and direct actual or partial partition, or a resale, as he may then find to be to the interest of the parties. Such orders, being interlocutory, rest in the discretion of the court.

*Prima facie,* tenants in common are entitled to actual partition, but only when such partition can be made without injury to any of the parties. Rev., 2512; *Gillespie v. Allison,* 115 N. C., 548. In *Skinner v. Carter,* 108 N. C., 109, it is said that the judge, "having the power to set aside the report, he might also make any order that could formerly have been made either by the clerk or the judge under such circumstances." The judge in the beginning was vested with the power to decree actual partition or a partial partition or a sale for partition. Having set aside the report, as he had power to do, the matter was then open to him, as *res nova.* Being better advised by the report or further evidence, he could not only refer it to new commissioners, but he could direct actual partition of the whole tract, or a sale of the whole or a partition of part and a sale of the remainder, just as he could originally. No title vested until the decree of confirmation upon the final report of the commissioners. Until the decree of confirmation the proceedings are not final, but interlocutory, and rest in the discretion of the court, even though the purchase money has been paid and the purchaser has taken possession of the premises. Knapp on Partition, 335. On the other hand, even when there has been a decree of confirmation, title will not be executed until the purchase money has been paid. *Burgin v. Burgin,* 82 N. C., 197; *White, ex parte, ib.,* 378.

It makes no difference that the appeals may go up to different judges. The appeals are all from the clerk to the judge of the Superior Court. The former judgments of the judge, being interlocutory, are subject to be set aside or modified by him or his successors.

The minutiæ of the controverted details as to the successive appeals from the clerk to the judge need not be discussed by us. The judge below correctly held that they were immaterial irregularities at the most.

Affirmed.