JOHN PATILLO ET AL. v. JAMES LYTLE ET AL.

(Filed 23 December, 1911.)

1. Tenants in Common—Partition—Parties—Decree—Waiver.

Those who have an interest as tenants in common in lands to be divided in proceedings for partition, and whose names appear as parties in the proceedings without service of process and without their authority, are not in law parties to the proceedings, and the mere expression of their willingness or consent at the time will not bind them by an adjudication therein, when it does not appear that, by their acts, they have prejudiced the other parties or the purchaser of the lands at a sale for division, or that they have done something which creates an estoppel upon them.

2. Tenants in Common—Partition—Decree—Partial Division—Interpretation of Statutes.

Upon motion made by tenants in common to set aside the judgment rendered in proceedings in partition wherein a sale had been made of the property, it is reversible error for the trial court, upon finding that the sale was necessary to the interest of the tenants, to adjudge that the purchaser at the sale, which had not been confirmed, was a tenant in common with one who had not been bound by the former judgment, the former having bid for the interests of all except those of the latter; for the statute authorizes only a partition of the whole, and the provisions of Revisal, sec. 2506, have no application.

3. Tenants in Common—Partition—Sale—"Preferred Proposer"—Confirmation.

The highest bidder at a sale of lands in proceedings for partition by tenants in common cannot be an innocent purchaser until the sale is confirmed by the court, and until it is, the bidder is only regarded as a "preferred proposer," and is presumed to know that his bid is subject to the condition of its acceptance or rejection by the court.

4. Tenants in Common—Partition—Void Conveyances—Confirmation.

A deed made by a commissioner to sell the lands in proceedings for partition among tenants in common is invalid unless the sale has been confirmed by the court, or the parties have otherwise become bound by it.

5. Tenants in Common—Partition—Decree—Parties.

A deed by a commissioner to sell lands for partition among tenants in common, though the sale had been confirmed by the

court, will not bind one of the tenants who had not been made a party to the proceedings or waived his rights; for in the absence of a necessary party the lands cannot be thus partitioned under the statute as to him. *Tayloe v. Carrow*, 156 N. C., 6, cited and applied.

6. **Tenants in Common—Partition—Decree—Parties—Motion in the Cause—Procedure.**

A nominal party in a proceeding for partition, though not so in fact, should proceed by motion in the cause to set aside the decree therein.

7. **Same—Consent.**

A consent decree in partition proceedings for the division of lands among tenants in common, which purports to operate upon the whole land and every interest in it, does not affect the rights of a tenant who has not been made a party, and who has not waived his rights.

8. **Same—Appeal and Error—Procedure.**

A sale of lands in partition proceedings among tenants in common being invalid because of the absence of necessary parties who have moved in the cause to set aside the decree, it is held in this case on appeal that the judgment be set aside, together with the order of sale and the commissioner's deed, and that necessary parties be made, and the cause further proceed as the parties may be advised and in accordance with law.

APPEAL from *Webb, J.,* at May Term, 1911, of BUNCOMBE.

This is a proceeding for the partition of the land described in the pleadings among the heirs of Thomas Patillo. At June Term, 1911, an order was made for the sale of the land, which was made by the commissioner on 7 August, 1911, and D. W. Harrison became the highest bidder and the land was knocked down to him at the price of $1,205, which he paid to the commissioner. No report of sale was made by the commissioner, and the sale was, of course, never confirmed by the court. The commissioner, without any order authorizing him to do so, executed a deed for the land to the bidder, D. W. Harrison.

At October Term, 1911, Carrie Burgin, Hattie Moore, Rose Bradley, Delia Davidson, and Ida Mims made a motion before the court to set aside the sale because, while their names appeared in the list of plaintiffs, they had not authorized counsel for the other plaintiffs, or any one else, to make them parties, and that they were thus made parties without their knowledge

or consent, and further, that they are opposed to a sale of the land and desire an actual partition thereof.

*Judge Lane* found as facts, at the hearing of the motion, that the land brought its full value at the sale; that three of the movers had notice of the suit after it was commenced and made no objection thereto; that one of them at the sale expressed her willingness to have the land sold, but that Carrie Burgin did not know of the proceeding and, therefore, had given no authority to any one to make her a party, nor had she been notified what had been done. He further found that a sale of the land was necessary for a fair division of the same. He thereupon denied the motion of all the parties, confirmed the sale, and adjudged D. W. Harrison to be the owner of all the undivided interests in said land except that owned by Carrie Burgin, and, further, that they were tenants in common, Harrison owning all the undivided interests except the one belonging to Carrie Burgin. The motioners excepted and appealed.

*Mark W. Brown for petitioners, appellants.*
*Craig, Martin & Thomason for defendant.*

WALKER, J. This case proceeded very irregularly in the court below from the beginning to the end of it. The court evidently found as a fact that the motioners had not authorized the proceeding to be brought, and that all except Carrie Burgin were bound by the orders and decrees therein, because they happened to know of it, one of them having shown a willingness at the sale that the land should be sold. It would have been better if his Honor had distinctly found whether or not they had authorized themselves to be made parties, but without any such specific finding, we think it a fair inference, from the other findings, that he concluded, as matter of fact, that no such authority had been given. We do not think, therefore, that they were, in law, parties to the proceeding. A mere knowledge of the proceedings, in the absence of authority given to make them parties, would not be sufficient to bind them, nor did a mere expression of willingness that the land might be sold have that effect as to Ida Mims. Before they could be estopped by conduct, they must have done something which caused the other

parties or the purchaser to act in some way which will prejudice them if they are not held bound by what has been done in the proceedings, and no such result has followed. *Boddie v. Bond,* 154 N. C., 359; Eaton's Equity, p. 169.

But there is another more serious question in the case. The court, if it had the power to confirm the sale and further adjudge, as it did, without first bringing in all necessary parties, has in legal effect partitioned only a fractional interest in the land, instead of the whole thereof. It is true, Laws 1887, ch. 214, sec. 1 (Revisal, sec. 2506), provides that in all proceedings for partition actual division may be made of a part of the land and a sale of the remainder, or a part only of any land held by the tenants in common may be partitioned and the remainder held in common, but this provision does not sustain the judgment rendered below upon the motion to set aside the order of sale. The court's order did not provide for a sale of a part and actual division of the remainder, or that a part only be partitioned and the remainder held in common, but it simply ordered the sale to stand as to a fractional interest, an undivided interest, less than the whole, and the remainder to be held, not in common, as the statute provides, but in severalty by Carrie Burgin. But there is direct authority upon the subject. In *Brooks v. Austin,* 95 N. C., 474, the Court, adverting to a similar state of facts, says, by *Chief Justice Smith:* "A three-tenths interest in the 30-acre tract is proposed to be sold for division, the tenant or tenants of the other seven-tenths not being before the court, nor could they rightfully be, since they have the property in common in the larger tract. *Simpson v. Wallace,* 83 N. C., 477. We have met with no case in which such an undivided interest has been the subject of partition and sale at the instance of those owning it, when the other tenants are not present in the action. The statute requires actual partition among tenants in common of the whole tract, though shares may be united and apportioned to several, or a single share may be allotted to one, the residue of the land being still held in common by the other tenants, but however done, the partition must be of the whole. The sale as a mode of partition can only be resorted to when otherwise it would be to 'the injury of some or all of the parties

interested.' The Code, sec. 1904. The actual divisibility of the land into parts as an inquiry to be made before an order of sale can only be legally made when all the tenants are before the court." See, also, *Gregory v. Gregory,* 69 N. C., 522.

There is no innocent purchaser in this case who can be affected by setting aside the decree. Harrison is no such a purchaser—he is not a purchaser at all, but a mere "preferred proposer," as he is styled. *Miller v. Feezor,* 82 N. C., 192; *Joyner v. Futrell,* 136 N. C., 301.

In the last cited case it is said: "The only other question which we need consider, that is, as to the validity of the deed of the executor and its sufficiency to pass the title, without any confirmation of the sale by the court, is equally well settled. This Court, and all courts, we believe, having jurisdiction to pass upon judicial proceedings for the sale of land, have uniformly held that it is necessary that the sale be reported to the court, and that it be confirmed before the commissioner or other person appointed by the court to make the sale can have any power to make title to the purchaser. The commissioner is invested with a naked power, which must be exercised under the supervision and control of the court, and he has no authority to act save that which he derives from the court under its order or judgment. The bidder at a judicial sale, on the other hand, requires no right before the sale is reported by the officer and the sale is confirmed by the acceptance of his bid. Until then, the bargain with him is not complete and he acquires no title of any kind to the land. He is regarded as a mere preferred proposer until he has been accepted by the court as the purchaser, and every bidder is presumed to know, because he should know, that his bid is made subject to the condition of its acceptance or rejection by the court. A formal direction to make title is not always necessary to confer upon the commissioner the power to convey the land to the purchaser by deed, but a confirmation of the sale cannot be dispensed with in any case, unless perhaps in some way it has been waived. It is a condition precedent to the exercise of the right to convey the title. This principle has been settled by numerous authorities. *Bost ex parte,* 56 N. C., 482; *Brown v. Coble,* 76 N. C., 391; *Mebane v. Mebane,* 80

N. C., 34; *Latta v. Vickers,* 82 N. C., 501; *Foushee v. Durham,* 84 N. C., 56; *Miller v. Feezor,* 82 N. C., 192; *Attorney-General v. Navigation Co.,* 86 N. C., 408; *Dickerson ex parte,* 111 N. C., 108; *Vanderbilt v. Brown,* 128 N. C., 498; *Mason v. Osgood,* 64 N. C., 467; Rorer Jud. Sales, sec. 122."

We also held that the deed of the commissioner without confirmation, being unauthorized, was void. Revisal, secs. 2512, 2513. Harrison is to be treated, therefore, as a mere proposer, whose bid was awaiting acceptance by the court, and was subject to its rejection. But if the sale had been confirmed, it would not have bound Carrie Burgin, who was not a party to the proceeding (*Henderson v. Wallace,* 72 N. C., 451) and without whose presence, as a party, the court could not, as we have seen, proceed, under the statute, to partition the land. The judge cannot make an order of sale or any other order in the case which is contrary to the mandatory provisions of the statute. The court and the parties must proceed according to the statute, and not otherwise. It is a wise provision which requires all the land to be partitioned in some way pointed out by the statute, which we cannot repeal or modify by judicial construction, nor can we approve such a radical departure from statutory methods. What we have said in this case is supported by the decision of the Court in *Tayloe v. Carrow,* 156 N. C., 6, as will appear in the opinion, of which the following passage is a clear summary: "The judge in the beginning was vested with the power to decree actual partition, or a partial partition, or a sale for partition. Having set aside the report, as he had power to do, the matter was then open to him, as *res nova.* Being better advised by the report or further evidence, he could not only refer it to new commissioners, but he could direct actual partition of the whole tract, or a sale of the whole, or a partition of part and a sale of the remainder, just as he could originally. No title vested until the decree of confirmation upon the final report of the commissioners. Until the decree of confirmation the proceedings are not final, but interlocutory, and rest in the discretion of the court, even though the purchase money has been paid and the purchaser has taken possession of the premises. Knapp on Partition, 336."

The parties took the proper course to set aside the decree by a motion in the cause, as they were parties nominally, though not so in fact. *Doyle v. Brown,* 72 N. C., 393; *Sumner v. Sessoms,* 94 N. C., 377.

It is suggested that this is a consent decree. But parties to a suit cannot by consent impair the rights of those in interest, who are not made parties, and the decree directly affects their rights, though they were not heard. The whole of the land was partitioned, and the judgment, therefore, operates upon every interest in it.

The judgment will be set aside, as also the order of sale, and deed of the commissioner, the latter returning the purchase money to D. W. Harrison, and the case may then proceed by making all necessary parties, and in other respects as the parties may be advised.

Error.