WINNIE·WOOD WALSTON et al. v. SUSAN MORGAN et al.

(Filed 28 February, 1940.)

APPEAL by plaintiffs from *Nimocks, J.,* at November Term, 1939, of PASQUOTANK.

Petition for partition.

Petitioners and respondents are owners of a tract of land in Pasquotank County containing approximately 78 acres. Those owning ⅝ in interest prayed for actual partition of 56 acres and a sale of the remaining 22 acres. The owners of ⅜ in interest alleged that partial partition under C. S., 3227, could not be had without substantial loss and prayed for a sale of the whole tract.

Upon facts found by the court favorable to the view of those holding the minority interest the entire tract was ordered to be sold for partition, it being recited in the judgment that "upon the foregoing, the court being of the opinion that a sale of said lands is proper and necessary, and that, as a matter of law, the court is without right to order a partition according to either of the modes or methods proposed and requested by the petitioners." From this order the petitioners appeal.

*R. Clarence Dozier for plaintiffs and certain respondents, appellants. McMullan & McMullan for appellees.*

Per Curiam.   The judge of the Superior Court concluded that a sale of the entire tract was necessary and proper on the facts found and set out in the record.   What has occasioned the appeal is the further statement in the judgment that the court was without right, as a matter of law, to order actual partition in part and sale in part.   This, however, is predicated "upon the foregoing" and the court's opinion based thereon that a sale of the whole tract was "proper and necessary."   As thus understood, it would seem that only a discretionary order is presented for review.   *Taylor v. Carrow*, 156 N. C., 6, 72 S. E., 76.

Affirmed.