JACKSON L. LANGLEY AND WIFE, SARAH LANGLEY v. GEORGE W. LANGLEY AND WIFE, RUTH LANGLEY.

(Filed 17 September, 1952.)

**1. Partition § 4g (2)—**

While the clerk, upon hearing of exceptions to the report of the commissioners for actual partition, may recommit for correction or further consideration, or vacate the report and direct a reappraisal, or vacate the report, discharge the commissioners and appoint new commissioners to make partition, the clerk is without authority to alter the report either by changing the division lines or by enlarging or decreasing the owelty charge assessed by the commissioners.

**2. Partition § 4g (3)—**

Upon appeal to the Superior Court from the disposition made by the clerk upon exceptions to the commissioners' report for actual partition, the judge

has jurisdiction to review the report in the light of the exceptions filed, hear evidence, and render such judgment, within the limits provided by law, as he deems proper under all the circumstances made to appear to him.

**3. Courts § 4c—**

When a civil action or special proceeding instituted before the clerk is for any ground sent to the Superior Court, the judge has authority to consider and determine the matter as if originally before him. G.S. 1-276.

**4. Appeal and Error § 1—**

The Supreme Court is limited to a review of alleged error of law upon appeal.

APPEAL by defendants from *Frizzelle, J.,* February Term, 1952, NASH. Affirmed.

Petition for partition.

Plaintiff Jackson L. Langley and defendant George W. Langley, as tenants in common, own a small tract of land on which are located two dwellings. On petition of plaintiffs, commissioners were appointed to make actual partition of the land. The commissioners filed their report in which they assessed an owelty charge of $50 against the share allotted to plaintiffs. Defendants excepted to the report. The sole basis of their exceptions is that there is an inequality in the partition made by the commissioners for the reason the share allotted to plaintiffs is somewhat larger in area and is located at the intersection of two roads while their share fronts on only one highway.

Upon hearing on the exceptions filed, the clerk found that the division as made by the commissioners "is just and fair but that the owelty charge made . . . should be increased from $50.00 to $100.00 in order to make equality of division." Defendants excepted and appealed.

When the cause came on for hearing in the court below, the trial judge affirmed the report of the commissioners as filed, expressly fixing the owelty charge at $50 as contained in said report. Defendants excepted and appealed.

*S. L. Arrington for plaintiff appellee.*
*John M. King for defendant appellant.*

BARNHILL, J. While, in a partition proceeding, upon exceptions filed to the report of the commissioners, the clerk may (1) recommit the report for correction or further consideration, or (2) vacate the report and direct a reappraisal by the same commissioners, or (3) vacate the report, discharge the commissioners, and appoint new commissioners to view the premises and make partition thereof, he is without authority to alter the

report filed either by changing the division lines or by enlarging or decreasing the owelty charge assessed by the commissioners.

When the cause came before the judge on appeal, he was not limited to a review of the action of the clerk. He was vested with jurisdiction to review the report in the light of the exceptions filed, hear evidence as to the alleged inequality of division, and render such judgment, within the limits provided by law, as he deemed proper under all the circumstances made to appear to him. *Taylor v. Carrow*, 156 N.C. 6, 72 S.E. 76; *Skinner v. Carter*, 108 N.C. 106; *Hyman v. Edwards*, 217 N.C. 342, 7 S.E. 2d 700; *McDaniel v. Leggett*, 224 N.C. 806, 32 S.E. 2d 602.

When a civil action or special proceeding instituted before the clerk is "for any ground whatever sent to the superior court before the judge," he has the authority to consider and determine the matter as if originally before him. G.S. 1-276; *Plemmons v. Cutshall*, 230 N.C. 595, 55 S.E. 2d 74; *Woody v. Barnett*, 235 N.C. 73.

On appeal this Court is limited to a review of alleged error of law in the judgment entered. *Hyman v. Edwards, supra.*

Whether the judge below reduced the owelty charge assessed by the clerk against the share allotted to the plaintiff for the reason the clerk was without authority to increase the same or because he concluded from the evidence offered that the partition made by the commissioners was fair and just is immaterial. In either event he was acting within the authority vested in him.

As no error in law is made to appear, the judgment confirming the report filed by the commissioners must be

Affirmed.