ETHEL ARMSTRONG ALLEN v.
GOLIAH ALLEN, A. H. PHILLIPS AND WIFE, LUCILLE PHILLIPS.

(Filed 12 December 1962.)

1. **Appeal and Error § 59—**

   A decision of the Supreme Court must be read in the light of the facts of the particular case in which it is written.

2. **Partition § 7—**

   On appeal from order of the clerk confirming the report of the commissioners actually partitioning the lands, the judge may confirm the report or he may vacate it and enter appropriate interlocutory orders, but he may not adjudge a partition different from that made by the commissioners. G.S. 46-7, G.S. 46-10, G.S. 46-18, G.S. 1.276.

3. **Appeal and Error § 55—**

   Where an order is entered under a misapprehension of law, the cause must be remanded.

APPEAL by petitioner from *Carr, J.,* June Civil Term 1962 of CUMBERLAND.

Partition proceedings relating to a tract of land in Cumberland County in which petitioner, Ethel Armstrong Allen, owns an undivided 17/28 interest and respondents, A. H. Phillips and wife, Lucille Phillips, as tenants by entirety, own an undivided 11/28 interest. Respondent Goliah Allen is the husband of petitioner.

The clerk resolved the question of fact, whether there should be actual partition, as asserted by petitioner, or a partition sale, as asserted by respondents Phillips, in petitioner's favor, and appointed commissioners.

Pursuant to proper orders, the land was surveyed and divided by the commissioners into two tracts. The "First Tract," containing 10.85 acres, more or less, was allotted to petitioner. The "Second Tract," containing 6.94 acres, more or less, was allotted to respondents Phillips.

Petitioner excepted to the commissioners' report. After hearing, the clerk, finding that the commissioners had "fairly and equitably partitioned the land and that each party has received his or her proper equitable share," confirmed the report of the commissioners. Petitioner excepted and appealed.

In the superior court, evidence was offered by petitioner and by respondents Phillips. At the conclusion of the hearing, judgment was entered in which the court (1) set aside the report of the commissioners, and (2) adjudged a new partition or division, different from that made by the commissioners, in which a "First Tract," containing 13.79 acres, more or less, was allotted to petitioner and a "Second Tract," containing 4 acres, more or less, was allotted to respondents Phillips. In the judgment, the court found as a fact that the new partition or division ordered by the court was "equitable, just, fair and reasonable" and "a more proper and equitable division of the land" than the division made by the commissioners and set forth in their report.

Petitioner excepted and appealed.

*Bryan & Bryan and Robert B. Morgan for petitioner appellant.*
*Quillin, Russ & Worth for respondent appellees.*

BOBBITT, J. The question for decision is whether the court, after setting aside the report of the commissioners, had authority, based on its own findings as to what would constitute an equitable division, to adjudge a partition of the land different from that made by the commissioners.

Since 1868, the partition of land between tenants in common has been regulated by statute. *Haddock v. Stocks,* 167 N.C. 70, 74, 83 S.E. 9; *Bank v. Leverette,* 187 N.C. 743, 746, 123 S.E. 68. The statutory procedure is set forth in G.S. Chapter 46, Article 1.

G.S. 46-10 provides, in part, that the commissioners appointed under G.S. 46-7 "must meet on the premises and partition the (land) among the tenants in common . . . according to their respective rights and interests therein, . . ." G.S. 46-18 authorizes the commissioners to employ a surveyor "who shall make out a map of the premises showing the quantity, courses and distances of each share, which map shall accompany and form a part of the report of the commissioners." G.S.

46-19, in part, provides: "If no exception to the report of the commissioners is filed within ten days, the same shall be confirmed."

It is expressly provided that the partition (division) shall be made by the commissioners. If exceptions are filed in apt time, whether the report of the commissioners *should be confirmed* is for determination by the clerk and, upon appeal from his order, by the judge. All orders of the clerk or judge are interlocutory except a final judgment or decree confirming the report of the commissioners. *Hyman v. Edwards,* 217 N.C. 342, 7 S.E. 2d 700; *Tayloe v. Carrow,* 156 N.C. 6, 72 S.E. 76.

In a hearing on exceptions to the report of the commissioners, "the clerk may (1) recommit the report for correction or further consideration, or (2) vacate the report and direct a reappraisal by the same commissioners, or (3) vacate the report, discharge the commissioners, and appoint new commissioners to view the premises and make partition thereof," but the clerk "is without authority to alter the report filed either by changing the division lines or by enlarging or decreasing the owelty charge assessed by the commissioners." *Langley v. Langley,* 236 N.C. 184, 72 S.E. 2d 235.

While conceding the clerk had no authority to do so, appellees contend the superior court judge, when the matter came before him on appeal from the clerk, had authority to order a division different from that made by the commissioners. To support this contention, they call attention to the following portion of the opinion of Barnhill, J. (later C.J.), in *Langley v. Langley, supra, viz.*:

"When the cause came before the judge on appeal, he was not limited to a review of the action of the clerk. He was vested with jurisdiction to review the report in the light of the exceptions filed, hear evidence as to the alleged inequality of division, and render such judgment, *within the limits provided by law,* as he deemed proper under all the circumstances made to appear to him." (Our italics) The opinion then cites these prior decisions: *Tayloe v. Carrow, supra; McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; *Hyman v. Edwards, supra; Skinner v. Carter,* 108 N.C. 106, 12 S.E. 908.

Appellees also call attention to the following portion of the opinion of Barnhill, J. (later C.J.), in *Hyman v. Edwards, supra, viz.*:

"The clerk may, upon the hearing on the report of the commissioners, confirm the report or set the same aside and order a sale. His judgment on appeal may be reviewed by the judge and reversed, *modified* or confirmed and the judge has the authority to set aside the report and order a sale. *Tayloe v. Carrow, supra.*" (Our italics)

Mindful that "(t)he law discussed in any opinion is set within the framework of the facts of that particular case," *Light Co. v. Moss,* 220

N.C. 200, 208, 17 S.E. 2d 10, an analysis of the factual situation in *Langley v. Langley, supra,* and the cases cited therein, is appropriate.

In *Langley v. Langley, supra,* the commissioners partitioned the land and assessed an owelty charge of fifty dollars against the tract allotted to the plaintiffs. The defendants filed exceptions to the commissioners' report. After a hearing, the clerk found the division made by the commissioners just and fair but that, in order to make equality of division, the owelty charge should be increased from fifty dollars to one hundred dollars. The defendants excepted to the clerk's order and appealed. After a hearing, *the judge confirmed the report of the commissioners as filed,* expressly fixing the owelty charge at fifty dollars. Upon appeal by the defendants, this Court affirmed the judgment of the superior court. With reference to the owelty charge, the opinion states: "Whether the judge below reduced the owelty charge assessed by the clerk against the share allotted to the plaintiff for the reason the clerk was without authority to increase the same or because he concluded from the evidence offered that the partition made by the commissioners was fair and just is immaterial. In either event he was acting within the authority vested in him." When considered in relation to the factual situation, the significance of the portion of the opinion to which appellees call attention is that, upon appeal from the clerk to the judge, the hearing before the judge was *de novo,* upon evidence then offered, to determine whether, in the light of the exceptions filed thereto, the report of the commissioners should be confirmed, rather than a hearing to determine whether the clerk erred in some respect when the matter was before him. The judge did not alter the owelty charge as set forth in the report of the commissioners. On the contrary, the judge confirmed the report of the commissioners in its entirety.

In *McDaniel v. Leggett, supra,* the hearing was on a motion by purchasers at a partition sale to correct the record. The clerk allowed the motion and on appeal the judge affirmed the clerk's order. On appeal to this Court, it was contended the clerk's order was void for want of authority. This Court, basing decision on G.S. 1-276, said: "Where the clerk exceeds his authority (citation), or has no jurisdiction (citations), and the cause for any ground is sent to the judge, the judge may retain jurisdiction and dispose of the cause as if originally before him." Clearly, the clerk has authority and jurisdiction, initially, to pass upon exceptions to the report of the commissioners in a special proceeding for partition.

In *Hyman v. Edwards, supra,* the petition was to sell land for division. However, as requested by one of the defendants, the clerk ordered actual partition; and, upon appeal by the petitioners, the

judge affirmed the clerk's order. On the petitioners' appeal to this Court, it was held the judge's order was interlocutory and the appeal was dismissed as premature.

In *Tayloe v. Carrow, supra,* cited as authority for the portion of the opinion in *Hyman v. Edwards, supra,* to which appellees call attention, there was a continuing controversy as to whether there should be a partition sale or actual partition. The clerk ordered actual partition and confirmed the report of the commissioners. Upon appeal, the judge set aside the report of the commissioners, ordered that commissioners set apart and allot 1/7 (her interest) in value of the land to defendant Carrow and that the remainder be sold for division among the other tenants in common. A second set of commissioners made this division and their report was confirmed by the clerk. However, upon appeal, the judge set aside the report of the commissioners and directed a partition sale of the entire property, "finding as a fact that this property could not be fairly divided and that a sale would best subserve the interests of all parties." On appeal by defendant Carrow, this Court, on the ground all prior orders were interlocutory, upheld the judge's order for a partition sale of the entire property. The factual situation suggests the manner in which prior orders of the clerk may be "modified" by the judge.

In *Skinner v. Carter, supra,* the clerk confirmed the report of the commissioners but, on appeal, the judge ordered that new commissioners be appointed to divide the land. In affirming the order of the judge, this Court, in opinion by Avery, J., said: "Having the power to set aside the report, he might also make any order that could formerly have been made by either the clerk or the judge under such circumstances. He might, therefore, have appointed new commissioners or have ordered those already appointed to act again, or he was empowered to remand the proceedings, with directions to the clerk to appoint others, as he did." Earlier in the opinion, Avery, J., said: "It seems therefore, that even before the passage of the Act of 1887 (chapter 276), which gives to the judge power, whenever special proceedings are brought before him by appeal or otherwise, to make any order *that could have been made by the clerk,* the report of commissioners appointed by the clerk was treated by the judge as if submitted directly to him like that of a referee." (Our italics) The Act of 1887 is now codified as G.S. 1-276.

With reference to actual partition, our statutory provisions and decisions impel this conclusion: Actual partition must be on the basis of the division made by commissioners and not otherwise. In a *de novo* hearing before the judge, where the question is whether the report of the commissioners should be confirmed, the judge may confirm

or he may vacate and enter appropriate interlocutory orders. However, the judge may not, based on his findings as to what would constitute an equitable division, adjudge a partition of the land different from that made by the commissioners.

Here, the clerk had confirmed the report of the commissioners. The question before Judge Carr was whether the division made by the commissioners was fair and equitable. *Byrd v. Thompson*, 243 N.C. 271, 90 S.E. 2d 394, and cases cited. If so, a final judgment or decree confirming the report of the commissioners should have been entered. If not, the report of the commissioners should have been set aside; and, if set aside, the court by interlocutory order, should have ordered a new division by commissioners or, if the facts justified, a partition sale.

We are constrained to hold that Judge Carr, in adjudging a partition of the land different from that made by the commissioners, acted under a misapprehension of law. *Morris v. Wilkins*, 241 N.C. 507, 514, 85 S.E. 2d 892; *Merrell v. Jenkins*, 242 N.C. 636, 638, 89 S.E. 2d 242; *Jones v. Loan Association*, 252 N.C. 626, 639, 114 S.E. 2d 638, and cases cited. For error in this respect, the judgment is vacated and the cause remanded for hearing *de novo* before a judge of the superior court upon the exceptions to the report of the commissioners in accordance with the law as stated herein.

Error and remanded.