JENKINS v. FOX

[98 N.C. App. 224 (1990)]

---

GLADYS J. JENKINS AND HUSBAND, ELBERT LEE JENKINS, PETITIONERS v. VERNON FOX AND WIFE, DONNA FOX, AND RANDALL FOX, RESPONDENTS

No. 8924SC803

(Filed 17 April 1990)

**Partition § 7.2 (NCI3d) — appeal to superior court — exception without specific grounds — appeal dismissed — error**

The trial court erred in dismissing an appeal from the Clerk of Court's acceptance of a commissioner's report in an action for partition by sale of real property where the trial court rejected the appeal on the grounds that the document filed by petitioners did not state specific grounds for any exception. N.C.G.S. § 46-19 does not require that exceptions be specific or contain specific grounds; the only issue before the

JENKINS v. FOX

[98 N.C. App. 224 (1990)]

trial court was whether the report should be confirmed, and, in making this determination, the trial court has *de novo* authority to review the report, hear the evidence, and render the appropriate judgment. The court does not have the authority to dismiss the appeal for a lack of a statement of specific grounds for not accepting the commissioner's report.

**Am Jur 2d, Courts §§ 98, 122.**

APPEAL by petitioners from judgment entered 5 June 1989 by *Judge John Mull Gardner*. Judgment entered out of session and out of term in YANCEY County Superior Court. Heard in the Court of Appeals 7 December 1989.

This action arose on 28 December 1987 when petitioners requested partition by sale of certain property under N.C. Gen. Stat. § 46-1, *et seq*. Respondents answered and requested that the land be partitioned by actual division.

In February 1988, the Clerk of Superior Court in Yancey County entered an order that actual partition of the land would be made. The clerk also appointed three duly qualified commissioners to divide the property.

After viewing the property, the commissioners filed a report on 23 May 1988, setting forth the recommended division of the property. Petitioners excepted to this report on 2 May 1988, on "the grounds that the partition is not in accordance with the value of the property."

On 24 June 1988, a hearing was held to consider this exception, and the clerk ordered that the report be further considered by the commissioners. A supplemental report was filed by the commissioners on 21 July 1988, reaffirming their original division of the property.

The petitioners filed a handwritten document on 1 August 1988, with no caption, which stated: "Now Comes Petitioners [and] respectfully excepts to the report of the Commissioners of record herein." The clerk subsequently rendered an Order of Confirmation on 29 September 1988.

Petitioners appealed to superior court. On 10 May 1989, the trial court dismissed the appeal on the grounds that the document filed by petitioners on 1 August 1988 did not state specific grounds

for any exceptions and was therefore invalid. An order was entered 5 June 1989.

From this order, petitioners appeal.

*Hal G. Harrison, P.A., for petitioners-appellants.*

*Dennis L. Howell for respondents-appellees.*

ORR, Judge.

The sole issue on appeal is whether the evidence supported the trial court's findings of fact and conclusions of law. For the reasons set forth below, we reverse the trial court's order.

Under N.C. Gen. Stat. § 46-19 (1984), "If no exception to the report of the commissioners is filed within 10 days, the same shall be confirmed." The petitioners excepted to the report of the commissioners in a document filed on 1 August 1988, but stated no grounds for their exceptions. The statute does not require that exceptions be specific or contain specific grounds.

Respondents argue that exceptions must be specific in order to put the opposing parties and the trial court on notice of what issues will be argued before the court. Further, respondents argue that it would place an undue burden on the court to examine the entire record and determine the grounds for exceptions.

While we agree that the trial court and parties should have notice of the issues involved in any case, the only issue on appeal under § 46-19 is "whether the report of the commissioners *should be confirmed* . . . by the clerk and, upon appeal from his order, by the judge." *Allen v. Allen*, 258 N.C. 305, 307, 128 S.E.2d 385, 386 (1962) (emphasis in the original). In determining whether the report should be confirmed, the trial court may "review the report in the light of the exceptions filed, hear evidence as to the alleged inequity of division and render such judgment . . . , as he deem[s] proper under all the circumstances . . . ." *Langley v. Langley*, 236 N.C. 184, 186, 72 S.E.2d 235, 236 (1952).

An action for partition under N.C. Gen. Stat. § 46-1 (1984) is a special proceeding. When such action is appealed from the clerk to the superior court "for any ground whatever . . . ," the trial court has the authority to consider the matter *de novo. Id.* (citations omitted).

POWELL v. FIRST UNION NAT. BANK

[98 N.C. App. 227 (1990)]

In the case before us, petitioners excepted to the commissioners' report under § 46-19. The above principles of law make it clear that the only issue before the trial court was whether the report should be confirmed. In making this determination, the trial court has the authority, *de novo*, to review the report, hear evidence and render the appropriate judgment. The trial court does not have the authority under § 46-1, *et seq.* to dismiss the appeal because petitioners did not state specific grounds why the commissioners' report should not be confirmed.

We note that originally petitioners excepted to the commissioners' report because the "partition was not in accordance with the value of the property." The commissioners reconsidered the partition and resubmitted it as before which was confirmed by the clerk. There is no question that petitioners' basis for excepting was as originally noted.

We therefore hold that the trial court erred in dismissing the appeal and remand for further proceedings consistent with this opinion.

Vacated and remanded.

Judges EAGLES and PARKER concur.