TYSON, Judge.
 

 *165
 
 Russell E. McLean ("Respondent") appeals from an order confirming the commissioners' report dividing partitioned property among the tenants in common. We affirm the superior court's order.
 

 I. Background
 

 At the time of her death in 1987, Mettie McLean owned approximately 102 acres in fee simple situate in Harnett County (the "property"). Petitioners filed a petition for partition on 28 April 2011, alleging the property was devised to ten of Mettie's children, in equal shares. Petitioners requested the clerk to divide the land in kind and to appoint
 
 *166
 
 commissioners to allocate the partitioned property in accordance with the individual interests.
 

 In their amended petition for partition, Petitioners alleged Mettie had died intestate, as no original will was found, thus the property was distributed among all eleven children, in equal shares. Petitioners noted that since Mettie's death, "some of the undivided interest has been transferred by deed, devise, and intestate succession to other tenants in common." Petitioners requested the clerk of superior court to appoint a commissioner to sell approximately 1.66 acres of the property lying on the north side of McDougald Road, which was separate and divided
 
 *674
 
 from the rest of the acreage, and to apply the proceeds from that sale to the costs of the partition proceedings. Petitioners also requested for a guardian
 
 ad litem
 
 to be appointed to represent unknown potential claimants.
 

 In their second amended petition for actual partition and partition by sale, Petitioners identified several additional parties to the proceedings and specified sixteen tenants in common, each owning various shares of the eleven interests. Petitioners again requested for the clerk to appoint a commissioner to sell the separate 1.66 acres tract to pay for the costs of the partition, and to appoint commissioners to divide the land in kind among the tenants in common.
 

 On 11 August 2015, Petitioners filed a motion for sale of the 1.66 acres and a motion for partition in kind of the remaining 98.34 acres. After a hearing, the clerk of superior court filed a written order on 10 November 2015. The clerk found Mettie McLean had died intestate, leaving eleven equal shares of the property, which had been subject to further transfers since her death. The clerk concluded:
 

 4. The listed tenants are entitled to the allotment of their interests in severalty as follows:
 

 a. 4/22
 
 nd
 
 to Sandra Donnell-Smith;
 

 b. 7/22
 
 nd
 
 to Russell Eugene McLean;
 

 c. 4/22
 
 nd
 
 to Florence Elaine McLean Lyons; and
 

 d. 1/22
 
 nd
 
 to Aaron Thomas.
 

 5. Under
 
 N.C. Gen. Stat. § 46-13
 
 , the listed co-tenants, two or more tenants in common have requested the court to authorize the commissioners to allot their several shares to them in common, as one parcel, evidenced by their consent to the entry of this order.
 

 *167
 
 e. 2/22
 
 nd
 
 in common, as one parcel, to William McLean, who will hold a 1/4
 
 th
 
 interest in the share; Liddell R. McLean, Jr., who will hold a 1/2 interest in the share; and to Shirley McLean Carter, who will own a 1/4th interest in the share;
 

 f. 2/22
 
 nd
 
 in common, as one parcel, to David P. Raymond, Carol A. Williams, and Edward Raymond, who will hold said share in equal interests; and
 

 g. 2/22
 
 nd
 
 to Andree Lessey, Kevin Callaway, and Lisa Atkinson, in common, as one parcel, who will hold said share in equal interests.
 

 The clerk also allowed for each party to submit special requests concerning the division of the property. Several of the parties submitted special requests, including Respondent. Respondent requested "as much open cropland as possible" and "[i]f feasible ... to join property of [his] sole surviving sibling." These requests to the commissioners were non-binding.
 

 The commissioners were appointed, and, after consultations with a surveyor and a forestry expert, they filed their report on 31 March 2017. The report identified 2.27 acres, originally believed to be 1.66 acres, in the separated tract on the north side of McDougald Road to be sold, and the remainder of the property was apportioned in kind, based upon each party's interest in the property, in accordance with the clerk's conclusions and order. The proposed division of the property was indicated on plats and surveys attached to the report. Respondent was allocated the largest portion, which contained 36.64 acres and the greatest amount of open crop land, but did not adjoin the property line of the 4.27 acre share allotted to his sister.
 

 Respondent filed an exception to the report on 10 April 2017. In his exception, Respondent alleged the report did not "divide land and timber in accordance with the respective interests of the tenants in common[.]" Following a hearing, the clerk confirmed the report on 9 August 2017.
 

 Respondent appealed to the superior court. After a
 
 de novo
 
 hearing, the superior court confirmed the report. Respondent timely appealed.
 

 II. Jurisdiction
 

 An appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2017).
 

 *675
 

 *168
 

 III. Issue
 

 Respondent argues the superior court abused its discretion in confirming the report of the commissioners.
 

 IV. Standard of Review
 

 For a trial without a jury,
 

 the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable
 
 de novo
 
 .
 

 Lyons-Hart v. Hart
 
 ,
 
 205 N.C. App. 232
 
 , 235,
 
 695 S.E.2d 818
 
 , 821 (2010) (citation omitted). "[W]hether a partition order and sale should [be] issue[d] is within the sole province and discretion of the trial judge and such determination will not be disturbed absent some error of law."
 
 Whatley v. Whatley
 
 ,
 
 126 N.C. App. 193
 
 , 194,
 
 484 S.E.2d 420
 
 , 421 (1997) (citation omitted).
 

 V. Analysis
 

 A. Waiver of Review
 

 Respondent first argues the superior court erred by not conducting the proper inquiry to support a partition by sale. Petitioners contend Respondent has waived this argument on appeal.
 

 Any tenant in common has the right to petition for partition of the shared real estate.
 
 N.C. Gen. Stat. § 46-3
 
 (2017). Upon petition, the clerk of superior court appoints three disinterested commissioners to divide the property.
 
 N.C. Gen. Stat. § 46-7
 
 (2017). Any party may make an exception to the commissioners' report within ten days.
 
 N.C. Gen. Stat. § 46-19
 
 (a) (2017). The statute does not require an exception to be specific or state specific grounds.
 
 Jenkins v. Fox
 
 ,
 
 98 N.C. App. 224
 
 , 226,
 
 390 S.E.2d 683
 
 , 684 (1990). If an exception is filed, "whether the report of the commissioners should be confirmed is for determination by the clerk and, upon appeal from his order, by the judge."
 
 Allen v. Allen
 
 ,
 
 258 N.C. 305
 
 , 307,
 
 128 S.E.2d 385
 
 , 386 (1962) (emphasis omitted).
 

 When a partition proceeding is appealed to the superior court, the court is not limited in its review to only the actions of the clerk.
 

 *169
 

 Langley v. Langley
 
 ,
 
 236 N.C. 184
 
 , 186,
 
 72 S.E.2d 235
 
 , 236 (1952). Rather, the court may "
 
 review the report in the light of the exceptions filed
 
 , hear evidence as to the alleged inequality of division, and render such judgment, within the limits provided by law, as [it] deemed proper under all the circumstances made to appear to him."
 

 Id.
 

 (emphasis supplied).
 

 Though Respondent was not required to state specific grounds for his exception, he did so. He took exception to the report for its purported failure to divide the property and timber "in accordance with the respective interests of the tenants in common." At the hearing before the clerk, Respondent testified he excepted to the division "because the tract allotted to him fails to adjoin the land he owned outside the division." Respondent presented no evidence concerning, or to dispute, the allocation or value of the property or timber. After considering "Respondent's testimony, the documents on file, and the arguments of the attorneys," the clerk found the division to be fair and confirmed the report.
 

 The clerk, and later the superior court, considered whether the commissioners' report should be confirmed in light of the noted exception.
 
 See
 

 Langley
 
 ,
 
 236 N.C. at 186
 
 ,
 
 72 S.E.2d at 236
 
 . Respondent expressly excepted and sought review of the purported inequality of the division of the property and may not swap his position on appeal.
 
 See
 

 Cushman v. Cushman
 
 ,
 
 244 N.C. App. 555
 
 , 562,
 
 781 S.E.2d 499
 
 , 504 (2016). Respondent's argument is dismissed.
 

 B. Abuse of Discretion
 

 1. Partial Sale
 

 Even if Respondent had preserved his argument on partial sale, we find no abuse of discretion in the superior court's order.
 

 Under Chapter 46 of the General Statutes, any "actual partition may be made of a part
 
 *676
 
 of the land sought to be partitioned and a sale of the remainder; or a part only of any land held by tenants in common, or joint tenants, may be partitioned and the remainder held in cotenancy."
 
 N.C. Gen. Stat. § 46-16
 
 (2017).
 

 In
 
 Brooks v. Austin
 
 , a widow had signed an antenuptial agreement, which entitled her to a child's share of her husband's estate, in lieu of dowager allowance.
 
 95 N.C. 474
 
 , 475 (1886). Heirs of the decedent petitioned for partition by sale of the land, with the proceeds to be divided among the tenants in common.
 

 Id.
 

 The issue on appeal was whether this antenuptial agreement was binding.
 

 Id.
 

 at 477
 
 . Our Supreme Court
 
 *170
 
 affirmed the widow's waiver of dowager.
 

 Id.
 

 The Supreme Court analyzed the proper partition of the estate.
 

 Id.
 

 at 477-78
 
 .
 

 One manner, following
 
 N.C. Gen. Stat. § 46-16
 
 and applicable only when all parties are before the superior court, was to divide the estate into several parts, with the residue to be held in common.
 

 Id.
 

 at 478
 
 . Then, if all parties were "united," this undivided interest could be sold and the proceeds divided and disbursed according to each party's interest.
 

 Id.
 

 In
 
 Patillo v. Lytle
 
 , the Supreme Court again acknowledged the applicability of
 
 N.C. Gen. Stat. § 46-16
 
 to partial partition in kind.
 
 158 N.C. 92
 
 , 95,
 
 73 S.E. 200
 
 , 201 (1911). However, as alluded to in
 
 Brooks
 
 , "[t]he actual divisibility of the land into parts is an inquiry to be made before an order of sale [and] can only be legally made when all the tenants [in common] are before the court."
 
 Id.
 
 at 95-96,
 
 73 S.E. at 201
 
 . The land at issue in
 
 Patillo
 
 had been sold without the knowledge or consent of several tenants in common.
 
 Id.
 
 at 94,
 
 73 S.E. at 200
 
 . The petitioner argued the other parties consented to the sale, but as at least one party claimed no prior knowledge of the sale, the other parties could not "by consent impair the rights of those in interest, who [were] not made parties."
 
 Id.
 
 at 98,
 
 73 S.E. at 202
 
 . The sale was ordered to be set aside.
 

 Id.
 

 In this case, all parties to the action have been properly included and were before the court. Under the application of
 
 N.C. Gen. Stat. § 46-22
 
 , the property can be divided into several parts.
 
 See
 

 Brooks
 
 ,
 
 95 N.C. at
 
 478 ;
 
 Patillo
 
 ,
 
 158 N.C. at 95-96
 
 ,
 
 73 S.E. at 201
 
 . Unlike in
 
 Patillo
 
 , there was consent to the partition, as each party, including Respondent, signed a consent order for in kind division of the unitary 98.34 acres more or less. As the entirety of the property is approximately 102 acres, it is reasonable for the court to consider the express consent to in kind division to also include consent to the sale of the separated tract.
 

 Additionally, the sale of the 2.27 acres across the road has not yet occurred. Under the commissioners' report, the property has been divided according to each party's interest, and title to the 2.27 acres remains being held in common. If these 2.27 acres are sold any party can purchase the tract, and after accounting for costs of the partition, each party will be entitled to the remaining proceeds according to his or her respective interest.
 
 See
 

 Brooks
 
 ,
 
 95 N.C. at 478
 
 . Nothing prevents Respondent from purchasing the 2.27 acres, if and when it is sold. Respondent is entitled to his portion of the proceeds at that time, less his portion of the expenses and costs. Respondent has shown no abuse in the superior court's discretion in confirming the division of the property. Respondent's argument is overruled.
 

 *171
 

 2. Unequal Partition of the Property
 

 Respondent argues it was error for the commissioners to divide the property without going back and considering the post-division value of each tract. We disagree.
 

 As required by statute, to partition a tract:
 

 The commissioners, who shall be summoned by the sheriff, must meet on the premises and partition the same among the tenants in common, or joint tenants,
 
 according to their respective rights and interests therein
 
 ,
 
 by dividing the land into equal shares
 
 in point of value as nearly as possible, and for this purpose they are empowered to subdivide the more valuable tracts as they may deem best, and to charge the more valuable dividends with such sums of money as they may think necessary, to be paid to the dividends of inferior value, in order to make an equitable partition.
 

 *677
 

 N.C. Gen. Stat. § 46-10
 
 (2017) (emphasis supplied).
 

 Respondent filed a memorandum of additional authority to support his assertion the commissioners are to consider post-division valuation. His citations to
 
 Robertson v. Robertson
 
 , and
 
 Phillips v. Phillips
 
 are inapplicable to the present case, as both involve partition of land in kind into two equal shares.
 
 Robertson v. Robertson
 
 ,
 
 126 N.C. App. 298
 
 , 300,
 
 484 S.E.2d 831
 
 , 832 (1997) ;
 
 Phillips v. Phillips
 
 ,
 
 37 N.C. App. 388
 
 , 392,
 
 246 S.E.2d 41
 
 , 44 (1978). In the present case, the partition of the original eleven shares in kind is now based upon unequal shares of ownership through transfers and acquisitions.
 

 The commissioners testified they looked at the value of the whole property and divided that value into 1/22
 
 nd
 
 interests. The 1/22
 
 nd
 
 interest was used to assign each party, individually or collectively, the value of their interest. The total value of the property was $ 345,500, giving each 1/22
 
 nd
 
 interest a value of $ 15,704.55. The total value took into account the values of open land; the timbered land and the value of the standing timber; and the house, surrounding structures, and supporting land. The commissioners acknowledged the differences in valuing the property as a whole versus each lot as it was partitioned. For example, the commissioners testified the value of the timber is greater on the property as a whole than what it would be on each individual lot, due to the economy of scale in harvesting or clearing. There is also a difference in value
 
 *172
 
 between lots with access to road frontage and those sharing dedicated easements to the public road.
 

 At oral argument, Respondent's counsel did not dispute the commissioners' pre-division value of the property, but argued the post-division values were not equal. In actuality, few of the values were equal, but this division was not based on equal value, but rather upon the allocated shares of the value of the whole. Respondent had a 7/22
 
 nd
 
 interest of the whole tract. Two other parties had a 4/22
 
 nd
 
 interest each. There were three 2/22
 
 nd
 
 interests, each jointly held by three parties. One party had a 1/22
 
 nd
 
 interest. While each 1/22
 
 nd
 
 interest was valued the same, the division of the property was based on the parties' respective interests.
 
 N.C. Gen. Stat. § 46-10
 
 .
 

 The valuation of the land was consistently applied by the commissioners to all tracts. Each tract was valued differently, even pre-division, due to the factors noted above and the percentage of ownership to be allocated. Respondent's assertion of post-division value is irrelevant to the allocation of interests. Further, if Respondent has appealed because he was unhappy with his tract not adjoining property he already owned or being adjacent to his sibling, such a determination rests within the discretion of the court and will not be upset on appeal without a finding of abuse of discretion.
 
 Robertson
 
 , 126 N.C. App. at 304, 484 S.E.2d at 834.
 

 The evidence in the record supports a conclusion that the property was valued consistently, and the consistent value was applied in dividing the property according to each party's interest. Presuming,
 
 arguendo
 
 , the method used by the commissioners erroneously failed to take into consideration the value of the underlying property after the lots were divided and the value of the acreage within the lots could have varied depending on where they were ultimately positioned, Respondent failed to show an abuse of discretion and presented no evidence to support a finding that the tract he received was less valuable than the share to which he was otherwise entitled. We find no abuse of discretion in the superior court's confirmation of the commissioners' report. Respondent's argument is overruled.
 

 C. De Novo Review by Superior Court
 

 Respondent appears to argue the superior court did not conduct a proper
 
 de novo
 
 review of the commissioners' report and confirmation by the clerk. The question at the
 
 de novo
 
 hearing by the superior court is whether the commissioners' report should be confirmed.
 
 Allen
 
 ,
 
 258 N.C. at 307
 
 ,
 
 128 S.E.2d at 386
 
 .
 

 *173
 
 At the hearing, the commissioners all testified regarding their methodology used to divide the property and issue the report. The parties who were present were given the opportunity to ask questions during the course of the hearing, and many of the parties
 
 *678
 
 gave testimony in support of confirmation. Respondent did not testify, and only presented one witness. After hearing all the evidence, the superior court made specific findings of fact and conclusions of law regarding the confirmation of the commissioners' report. Respondent has failed to show any abuse of discretion in the superior court's conclusions or decision. Respondent's argument is overruled.
 

 VI. Conclusion
 

 Respondent failed to preserve his argument pertaining to the proposed sale of the undivided 2.27 acres for appellate review. The commissioners properly divided the land into as equal shares as possible, according to the interests of the parties.
 

 We find no abuse of discretion in the superior court's decision to confirm the report of the commissioners. The order appealed from is affirmed.
 
 It is so ordered.
 

 AFFIRMED.
 

 Judges ZACHARY and COLLINS concur.