Nash, C. J.
 

 The petition is for the sale of a tract of land, described in the pleadings. The defendant opposes the sale as being unnecessary, and avers that it can be divided without injury to the interest of the other parties concerned.
 
 Pri-ma facie,
 
 each party interested in a tract of land, is entitled to an actual partition, and it is incumbent on him who asks for a sale to show, that his interest will be promoted by it, and that no loss will be worked by it to any other party.
 
 Davis and others
 
 v.
 
 Davis and
 
 others, 2d Ire. Eq. 607.
 

 
 *67
 
 The laboring oar then is upon the plaintiff, and we are of opinion that he has succeeded in showing that a sale is more to the. interest of the parties concerned than a partition would be. The. contest in the case arises from the claim set up by the defendant who has transferred his share, one-sixth,'to a man by the name of John
 
 W.
 
 Linton, and for whom he defends the suit, that it will be more beneficial to his, the said Linton’s interest, to have ■ the land divided, than sold. The reason assigned is, that Linton owns a tract of land adjoining that in question, and it will be to his interest to have his one-sixth of the land laid off to him adjoining his tract. In the Court below a reference was made to the Master to take testimony and report whether or not the interest of the parties will be promoted by a sale. A report has been made, and the Master is of opinion, from the evidence, that it will be to the interest of all parties to have the land sold. The testimony upon which his opinion is founded, is reported by him and fully supports it. Exceptions are filed, — none of which can avail the defendant. The case was argued before us as if Linton were the real defendant, and upon that ground wo are willing it should be considered, although he is no party to the record. The whole of the testimony was with a view to that state, of the case. Eight out of the fourteen witnesses concur in the opinion, that an actual partition cannot be made without injury to the whole of -the parties, and the six witnesses, introduced by the defendant, say that if the one-sixtli, claimed by the defendant, is laid off along Linton’s line, that the land may be divided without injury to the other parties. Mr. La-tham, the surveyor, thinks that the sixth so laid off' would be injurious to the rest. All the witnesses unite in stating that nearly the whole of the wood-land, not embraced in the widow’s dower, lies along the Linton line, and would be embraced in the one-sixtli laid off as the defendant desires, — and represent the whole land, with some exceptions, as being poor and bare of wood. The claim by the defendant" is a singular one, and it is manifest it cannot be allowed, without injury to the value of the remaining portions. In cases of partition, a Court of Equity does not act merely in a ministerial character, but it
 
 *68
 
 administers its relief
 
 ex equo et bono,
 
 according to justice and equity, between tbe parties. Thus if improvements bave been made by one tenant in common on tbe land, a suitable compensation will be made bim, upon tbe partition, or tbe portion on wbicb tbe improvement bas been made, will be as1 signed bim.
 

 So also Equity may assign to the parties respectively sucb parts of tbe estate as will best accommodate them, and be of most value to them, with reference to their respective situations in relation to tbe property before partition.
 
 Story Eq. Jurisprudence,
 
 sec. 656 b. 655. The object is to do equaljus- ’ ti,ce to all tbe parties. But this case calls for no sucb exercise of Equity jurisdiction; it presents tbe case of one of tbe parties in interest claiming to bave bis portion laid off in a particular way, to tbe manifest injury of tbe value of tbe rest of the land; this would be anything but justice to tbe other tenants in common.
 

 From tbe testimony on file, we are satisfied in order to do justice between, tbe parties tbe land ought to be sold. Tbe exceptions are overruled and tbe report confirmed.
 

 There is no error in tbe decree appealed from.
 

 Pee Cuexam. Decree affirmed.