J. R. TRULL and others v. POLLY RICE and others.

*Partition among Tenants in Common.*

Plaintiffs ask for sale of land for partition, defendants insist that actual partition would be more advantageous; the tract contains one hundred and forty acres encumbered with a dower interest, only fifty of which are fit for cultivation, but much worn and wasted ; the supply of wood is insufficient for all the tenants of whom there are seven in number, and one of the shares to be sub-divided into seven others if actual partition be made, which witnesses testify would be an injury to all; *Held*, that the decree for sale was proper.

PROCEEDING for partition commenced in the Probate Court of BUNCOMBE County and heard by consent at Chambers on August 12th, 1881, before *Gudger, J.*

The defendants appealed from the judgment rendered.

*Messrs. Reade, Busbee & Busbee* and *C. A. Moore*, for plaintiffs. No counsel for defendants.

RUFFIN, J.   The plaintiffs in their petition ask for the sale of a certain tract of land owned by the defendants and themselves as tenants in common, for the purposes of partition.

The defendants, admitting the tenancy in common, resist a sale upon the ground that it is not necessary, and that an actual partition of the land would be more advantageous to the parties interested.

The judge in the court below decreed a sale to be made, and the question is, was he justified in this, upon the case as presented by the proofs taken in the cause ?

In support of their case, the plaintiffs introduced about a dozen witnesses, all of whom say they are disinterested in the matter, and know the premises, and according to whose testimony the facts of the case are as follows :

The tract is composed of about one hundred and forty acres, subject to the dower, as to one-third, of the widow of the ancestor of the present owners. The land is what is called *cove land*, broken, steep, and rocky. In all some fifty acres are fit for cultivation, and of these nearly three-fourths are much worn and wasted. The wood upon the premises is barely sufficient to serve one family, and if divided would not serve them all for one year. There are but two small streams upon the land so situated that in case of a partition of the lands a larger number of the lots would be wholly without water. As one tract, it now hardly amounts to a good farm, and if divided, it would be worthless in a measure. There were originally seven tenants in common, but one has died leaving seven heirs, so that the land in case of actual partition would have to be divided into seven lots, and one of the lots subdivided into seven other shares. The defendant, Polly Rice, owns one full share in her own right, and, as the widow of William Rice who purchased of another tenant, is entitled to dower in one-seventh. The other defendants are her children and the heirs of the said William, and entitled to the share so purchased by him, subject to their mother's said right of dower. The defendant, Polly Rice, and her children have been in the actual occupancy of a portion of the land for several years, and have built a small cabin upon it, and enclosed about two acres with an indifferent fence. The cabin and fence were built of timber cut upon the premises, and most of the expense incurred in making the improvements was defrayed by selling timber from the land. The portion occupied by the defendants is much the better portion of the land, and indeed almost the only portion outside of the dower fit for cultivation. Each witness gave it as his deliberate opinion, that the land could not be divided into seven parts without doing great injury to all, and to assign to the defendants their two shares would so affect the value of the residue of

the land, as to make it impossible to sell it for anything of value, or to make an equitable partition of it amongst the other tenants in common.

It would seem that a mere statement of the facts of the case is sufficient to justify the course taken by His Honor in ordering a sale of the lands. The law gives to each tenant in common the right to have a division of the lands, and imposes on those who would have it sold the burden of showing that their interests would be better subserved by a sale, and that no injury would be inflicted upon any of the other parties interested. But like every other right recognized by the law, this one of a partition, belonging to each of the tenants in common, must be so used as not to injure another.

Whenever the court sees plainly that the common good of all will be promoted by a sale, the individual right or interest must yield to it, and one can hardly conceive of a case more urgently demanding a sale than the present one.

No error. Affirmed.