C. C. FOREMAN v. HEZEKIAH HOUGH et al.

*Jurisdiction—Partition—Deed—Special Proceeding—Irregularities.*

1. Where issues are made before the clerk in a special proceeding and transferred to the civil issue docket, the Judge may now, under ch. 276, Laws 1887, hear and determine all the matters in controversy and make a final decree.

2. After the transfer of the cause to the civil issue docket, an agreement that the Judge may find the facts, or the facts being agreed may pronounce judgment, cures all irregularities.

3. A deed conveying a tract of land (describing it) upon which there was a mineral spring, to several persons, " one-eighth share of said mineral waters " each, and containing a provision that one of the vendees and his "heirs and assigns are to have free access to said springs," creates a simple estate in common, of which partition may be made.

(*Trull* v. *Rice*, 85 N. C., 327; *Capps* v. *Capps*, Ibid., 408, and *Brittain* v. *Mull*, 91 N. C., 498, cited).

Issues joined in a SPECIAL PROCEEDING tried before *Clark, Judge*, at Fall Term, 1887, of STANLY Superior Court.

This is a special proceeding to sell the land described in the petition far partition. The answers of the defendants raised isues of fact to be tried by a jury, and the Clerk transferred the case to the Civil Issue Docket, to the end these issues might be tried according to law.

Before the Judge in term, the parties agreed upon the facts, and submitted the case to the Court for its judgment. The Court, upon consideration, gave judgment, directing the sale of the land, from which the defendants appealed to this Court, assigning errors as follows:

" 1st. That the Clerk of the Superior Court had no jurisdiction, and

" 2d. That in addition to their being owners of three-

eighths of the land described in the said deed, they own and possess easements in, to, and over said land, springs and mineral water, which cannot be sold for partition."

The following is a copy of the deed upon which the controversy arose:

This indenture, made and entered into this the 29th day of January, 1877, by and between Elizabeth Green of the first part, and W. H. D. Green, M. C. Underwood, Lafayette Green, M. J. Biles, Daniel D. Green and R. B. Smith of the second part, all of the county of Stanly and State of North Carolina: WITNESSETH, That whereas, the said Elizabeth Green, being desirous to secure to each of her children as above stated as being of the second part, one-eigth share in the Rocky River Springs Mineral Waters, located on the Alligator branch in said county, do by these presents, agree for one acre of land to be measured off so as to include said mineral waters and to constitute eight shares in the said acre of land, reserving one of said shares both as to the water and one-eighth part of said land for her individual use or otherwise, as she may see fit, and also with a special understanding that any person or persons she might choose to sell the said land to have the right of using said mineral waters as private citizens, also their heirs and assigns are to have free access to said springs, and it is further understood that a share in said water is to justify one boarding establishment for each owner.   Said acre of land is bounded as follows: Commencing, &c., to the beginning, containing one acre of land, and the said Elizabeth Green, on the first part, do hereby agree to give and grant and convey to each one that has been named respectively as being of the second part, one-eighth share of said mineral waters, to use for any and all purposes, to them, their heirs and assigns in fee simple forever, with the understanding, should the last named of the second part not surviving her husband, then the aforesaid

one-eighth of said land and waters is to go into the hands of her nearest blood kin as the law in such cases may direct, to them and their heirs and assigns forever; and the said Elizabeth Green of the first part, in witness to the aforesaid agreement, hereto set my hand and seal; dated as first written.                              E. GREEN, [Seal.]

*Messrs. R. H. Battle* and *S. F. Mordecai,* for the plaintiff.
*Mr. J. M. Mauney,* for the defendants.

MERRIMON, J.    This is a simple application for the sale of land for partition.

The petition alleged that the petitioner and the defendants were tenants in common of the land described therein, and that for causes alleged, actual partition thereof could not be made, &c.   The special proceeding was therefore properly begun in the Superior Court before the Clerk representing the Court, and when issues of fact were raised he properly transferred the case to the Civil Issue Docket.   *The Code,* §§ 256, 1892, 1903, 1904; *Trull* v. *Rice,* 85 N. C., 327; *Capps* v. *Capps,* Id., 508; *Brittain* v. *Mull,* 91 N. C., 498.

But as the Court had general jurisdiction of the whole subject of partition, when the case came before the Judge in term, and the parties agreed upon the facts and submitted the case to the Court for its judgment, this certainly had the effect to cure any possible irregularities as to the bringing of the proceeding, and the pleadings and proceedings therein.

If ordinarily in the past, after the trial of issues of fact by the jury, and the decision of questions of law by the Court, in special proceedings, the clerk, acting for the Court, should regularly have proceeded to make further orders and judgments in the course of the proceeding, the statute (Acts 1887, ch. 276,) gives the Judge, when the case comes before him, complete authority, upon the request of either party, "to proceed to hear and determine all matters in con-

troversy in such action, unless it shall appear to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

The deed in question is very informal and confused in its provisions. It recites the desire of the maker to give those— several in number—to whom it is made, particular rights and privileges as to the use of the water in a valuable mineral spring, situate on the land (one acre) conveyed. This was unnecessary—merely superfluous—because the deed conveyed to the grantees the absolute estate in the land, and the right to use the water was incident to the estate. They were tenants in common, having the fee simple, and the deed conferred upon them severally no right other than such as belonged to such tenants; they had the whole, and could have no more. The deed does not purport to give one of the grantees a larger estate, or right, or privilege in any respect than another. The parties to the proceeding are simply tenants in common of the land, and there is nothing peculiar in the rights of all or any one or more of these in respect to it, that prevents a sale of it, for the purpose of partition.

There is no error, and the judgment must be affirmed.

No error.                                  Affirmed.