ALBEMARLE STEAM NAVIGATION COMPANY v. WORRELL.

(Filed September 29, 1903.)

1. PARTITION—*Jury—Waiver—Trial.*

Where the defendant in a partition proceeding fails to ask for a jury trial until after the clerk has ordered partition, he thereby waives the right thereto.

2. PARTITION—*Appeal.*

The ruling of the trial court affirming the clerk in ordering actual partition of land is not reviewable.

3. PARTITION—*Appeal—Orders—Interlocutory Orders.*

An order appointing commissioners in a partition proceeding is interlocutory, and an appeal therefrom is premature.

ACTION by the Albemarle Steam Navigation Company against M. E. Worrell and wife, heard by Judge *Fred. Moore,* at April Term, 1903, of the Superior Court of HERTFORD County. From a judgment ordering partition the defendants appealed.

*Winborne & Lawrence,* for the plaintiff.
*David C. Barnes,* for the defendants.

CLARK, C. J. The plaintiff, owning an undivided one-fourth interest in the premises, filed a petition for actual partition by metes and bounds. The defendants, owning the other three-fourths, alleged that an actual partition would be injurious, and asked for a sale. The Clerk, upon the hearing, adjudged that an actual partition can be made without injury to either party, and that a sale would be injurious to the plaintiff. On appeal this was affirmed, and the defendants again appealed.

If the defendants had been entitled to a jury trial as to "satisfactory proof" moving the Court to order a sale, which it is not necessary to consider in this case, they waived it by not asking for it till after the Clerk had made his decision. *Ledbetter v. Pinner,* 120 N. C., 455; *Railroad v. Parker,* 105 N. C., 246, and cases cited.

No appeal lay, first, because the ruling by the Judge affirming the Clerk in ordering actual partition was not reviewable, and for the further reason that, had it been, the appeal from an order appointing commissioners is interlocutory, and the appeal is premature. *Tel. Co. v. Railroad,* 83 N. C., 420; *Hendrix v. Railroad,* 98 N. C., 431, and cases cited. For this reason we do not notice the exception that the Court directed that the eastern one-fourth in value be allotted to the plaintiff with an alleyway. *Ritchey v. Welch,* 149 Ind., 214; 40 L. R. A., 105. The defendants' strenuous objection is to actual partition instead of a sale, but it may be that since there must be actual partition the defendants may be content with the allotment when made. At any rate, they should merely note their exception to the order, giving their grounds therefor, and such matters and all other exceptions will come up on appeal from the final order, should the defendants be dissatisfied therewith.

Appeal dismissed.