W. M. TALLEY v. BETSY ANN MURCHISON, SANDY MURCHISON AND WIFE, MARTHA MURCHISON, GEORGE MURCHISON, MAGGALINE MURCHISON, BEULAH MURCHISON, MOLLIE SMITH AND HUSBAND, IVERY SMITH, AND PLUMMER MURCHISON (ORIGINAL PARTIES DEFENDANT), AND SALLIE ANN SHYNE (ADDITIONAL PARTY DEFENDANT).

(Filed 13 October, 1937.)

1. **Partition § 5—In absence of plea of sole seizin, petitioner for partition is not required to prove title as in ejectment.**

Where defendant in partition proceedings denies the allegations in the petition that petitioner is a tenant in common with defendants and seized of an undivided fee simple interest in the land, but does not plead sole seizin, petitioner is not required to prove title as in an action in ejectment, and petitioner's record evidence, C. S., 1763, *is held* sufficient to be submitted to the jury upon the sole issue of whether petitioner is a tenant in common with defendants in the land.

2. **Partition § 6—**

The court found that a partition of the land could not be made without injury to the parties, and that sale of the land would be more advantageous to them than division, and ordered the lands sold for partition, C. S., 3233. *Held:* The findings supported by competent evidence sustained the order of sale for partition.

APPEAL by defendant Plummer Murchison from *Harris, J.,* and a jury, at June Term, 1937, of HARNETT. Affirmed.

This is a civil action, commenced before the clerk on petition for the partition of land, filed 22 February, 1937. Plaintiff alleged he was a tenant in common with defendants and seized in fee simple and in possession of one-seventh interest in 37½ acres of land, less 3 acres, describing same. That the other defendants, including Plummer Murchison, owned one-seventh interest, and prayed: "That the court will appoint some competent person to sell said lands, after due advertisement, to the highest bidder, for cash, and report his proceedings in regard to said sale within ten days after sale into the office of the court."

Upon answer being filed by the defendant Plummer Murchison, denying the material allegations of the petition, the case was transferred under the statute to the civil issue docket of the Superior Court for trial by the court and a jury at term. The case was tried at June Term, 1937, before Harris, J., and a jury, and from a verdict and judgment thereon in favor of the plaintiff, the defendant Plummer Murchison excepted, assigned errors, and appealed to the Supreme Court.

The issue submitted to the jury, and their answer thereto, were as follows: "Is the plaintiff W. M. Talley a tenant in common with the defendants in the land described in the complaint? Answer: 'Yes.'"

*J. R. Hood for plaintiff.*
*Godwin & Guy for defendant Plummer Murchison.*

CLARKSON, J. This is an action for partition. In *Barber v. Barber,* 195 N. C., 711 (712-13), it is said: "A tenant in common is entitled as a matter of right to partition of the land held in common, to the end that he may have and enjoy his share therein in severalty. *Foster v. Williams,* 182 N. C., 632; *Haddock v. Stocks,* 167 N. C., 70; *Holmes v. Holmes,* 55 N. C., 334. Whether or not, in a proceeding instituted under C. S., 3215, for partition of land, held by two or more persons as tenants in common, between or among such persons, there shall be an actual partition, or a sale for partition, as authorized by statute, involves a question of fact to be determined by the court. The statute provides that 'if it shall appear by satisfactory proof that an actual partition of the lands cannot be made without injury to some or all of the parties interested, the court shall order a sale of the property described in the petition, or any part thereof.' C. S., 3233. When one tenant in common prays in his petition that the land be sold for partition, upon an allegation that an actual partition cannot be made without injury to some or all of the parties interested in the land, and the allegation is denied, no issue of fact is raised thereby, to be submitted to and passed upon by a jury, *Vanderbilt v. Roberts,* 162 N. C., 273; *Taylor v. Carrow,* 156 N. C., 8; *Ledbetter v. Pinner,* 120 N. C., 455."

None of the defendants filed answer except Plummer Murchison, who denied the material allegations of the petition. Plummer Murchison's statement of the question involved is: "Can a petitioner alleging ownership of an undivided one-seventh interest in 37½ acres of land for sale for division, on one of the tenants in common filing answer denying title and tenancy in common in the petitioner, make out a case sufficient to be submitted to the jury, without first proving title, possession, and joint tenancy, as in case of ejectment?" In a partition proceeding, unless sole seizin is pleaded, the petitioner is not required to prove title out of the State or adverse possession for 20 years or 7 years colorable title or title from common source by estoppel. Murchison did not plead sole seizin and the very question is decided against him in *Graves v. Barrett,* 126 N. C., 267. At pp. 269-270 it is said: "But in a petition for partition, title is not in issue, unless the defendants put it in issue by pleading 'sole seizin.' That was not done in this case. The Code, sec. 1892 (C. S., 3215), does not require averment of title as in ejectment, but simply an allegation of seizin and possession as tenants in common, and the seizin and possession of one are that of all. The allegations in the complaint and the denials in the answer raised only the ordinary issues in partition, (1) whether plaintiff and defendants were cotenants, and

(2) what interest the plaintiff possessed in said land.   These issues were properly framed upon the pleadings, were submitted without exception, and upon the evidence the court could not charge otherwise than it did. If the defendants Charles and Bertha, by reason of their birth since the date of the deed, have no interest thereunder, they had no reason to oppose partition, and if they have an independent title, it was trifling with the court not to plead *sole seizin,* and put it in issue.   If the defendants had pleaded *sole seizin,* the plaintiff would have been put on notice that the title to the land was in issue, and an issue should have been framed in accordance therewith.   *Alexander v. Gibbon,* 118 N. C., 796; *Huneycutt v. Brooks,* 116 N. C., 788.   But they have treated this as a petition in partition, denied merely the cotenancy of plaintiff, submitted to issues which raise that question only, and the case having been tried upon that view, they cannot now contend that the rules applicable to an action of ejectment should be applied.   When the plea of *sole seizin* is not set up, the parties for the purpose of the proceeding are to be taken as tenants in common.   *Pearson, C. J.,* in *Wright v. McCormick,* 69 N. C., 14."

There was plenary evidence to sustain the issue—it was competent record evidence.   C. S., 1763; *Ratliff v. Ratliff,* 131 N. C., 425; C. S., 1779.   The motion for nonsuit made by Murchison (C. S., 567) was properly overruled by the court below.

The complaint was sworn to, and in paragraph 6 was the following: "That an actual partition of the lands themselves cannot be made without injury to the parties interested, owing to the small number of acres to which each would be entitled in division."

The other tenants in common, all made parties defendants and served with process, filed no answer denying this allegation in the complaint. The 37½ acres, less 3 acres, if actual division were made, would give each tenant only a few acres of land.   Under C. S., 3233, upon satisfactory proof that actual partition cannot be made without injury to some or all of the parties interested, *"the court shall order a sale,"* etc. The court found: "It further appearing to the satisfaction of the court that a partition of the land mentioned in the petition cannot be made without injury to the petitioners, and it also appearing that a sale of said lands would be more advantageous to the petitioners than a division thereof," etc.

We think there was some competent evidence for the court below to base its finding to order a sale of the land.   The court in the judgment ordered a sale.   On the record, we see no prejudicial or reversible error.

For the reasons given, the judgment of the court below is

Affirmed.