ESSIE E. HYMAN AND HUSBAND, AARON HYMAN, v. NATHAN A. ED-
WARDS AND WIFE, EMMA R. EDWARDS; LILLIE E. COHEN
(WIDOW); F. B. DANIELS, TRUSTEE; AND THE BANK OF WAYNE,.
TRUSTEE IN THE LIFE INSURANCE TRUST OF GEORGE K. FREEMAN,.
DECEASED.

(Filed 27 March, 1940.)

1. **Partition § 4: Courts § 3—In proceedings for actual partition all orders.
are interlocutory until the decree of confirmation.**

In a proceeding for partition in which actual partition is ordered, all
orders are interlocutory until the decree of confirmation, and upon the
hearing on the report of the commissioners, the clerk may confirm the
report or set the same aside and order a sale, and the judge, on appeal,
may reverse, modify or confirm the clerk's judgment or set aside the
report and order a sale, even though another Superior Court judge had
theretofore affirmed the clerk's order for actual partition, since the former
order, being interlocutory, is not *res judicata* and is subject to be set
aside or modified.

2. **Same: Partition § 1: Appeal and Error § 2—**

Since a tenant in common has the right to actual partition unless it is
made to appear by satisfactory proof that actual partition cannot be
made without injury to some or all of the parties interested, C. S., 3233,
an order for sale for partition affects a substantial right, and an appeal
will lie to the Supreme Court from such order entered by the judge on
appeal from the clerk.

3. **Appeal and Error § 2—**

An order of the judge entered upon appeal from the clerk affirming
the order of the clerk decreeing actual partition is an interlocutory order
and is binding on the Supreme Court unless an error of law has been
committed, and an appeal therefrom will be dismissed as premature.

APPEAL by petitioners from *Williams, J.,* at October Term, 1939, of
WAYNE. Appeal dismissed.

Special proceeding to sell land for division in which the defendant
Edwards, answering, alleged that the land was susceptible of actual
partition and prayed that his interest be set apart for him in severalty.

When the petition came on to be heard before the clerk of the Superior
Court of Wayne County the clerk found as a fact that the property
described in the petition can be partitioned without injury to any of the
parties interested. He thereupon entered his order directing an actual
partition and appointing commissioners to make the division. The peti-
tioners excepted and appealed.

When the appeal came on to be heard before the judge evidence was
offered by the plaintiffs and the defendants. After hearing the evidence

and after viewing the premises the judge below affirmed the order of the clerk by entering his order finding as a fact "that the property as such can be partitioned without injury to the parties owning an interest therein" and decreeing an actual partition. The cause was then remanded to the clerk for further proceedings. The petitioners excepted and appealed to this Court.

*Royall, Gosney & Smith and M. Jacob Markmann for plaintiffs, appellants.*

*J. Faison Thomson and Walter T. Britt for defendants, appellees.*

BARNHILL, J. The defendants, other than Nathan A. Edwards and wife and Lillie E. Cohen, are joined as parties defendant by reason of their interest as lienors. The plaintiffs own a one-fourth interest in the property which consists of four brick buildings in the town of Goldsboro and the defendant Nathan A. Edwards now owns a three-fourths interest, he having purchased the interest of the defendant Lillie E. Cohen since the institution of the proceeding.

The defendants, contending that the order of Williams, J., was interlocutory from which no appeal lies, moved to dismiss the appeal as being premature.

All orders in a proceeding for the partition of land other than the decree of confirmation are interlocutory. *Navigation Co. v. Worrell,* 133 N. C., 93; *Telegraph Co. v. R. R.,* 83 N. C., 420; *Hendrick v. R. R.,* 98 N. C., 431; *Crocker v. Vann,* 192 N. C., 422, 135 S. E., 127.

Until the confirmation of the report in a special proceeding for partition the whole matter rests in the judgment of the clerk, subject to review by the judge, whose action is binding on us unless an error of law has been committed. *Taylor v. Carrow,* 156 N. C., 6, 72 S. E., 76. An order appointing commissioners is preliminary and interlocutory and the judgment of the judge affirming the clerk in ordering actual partition is not *res judicata* and is not appealable. *Navigation Co. v. Worrell, supra; Telegraph Co. v. R. R., supra; Hendrick v. R. R., supra.*

It is the decree of confirmation which is the final judgment. *Navigation Co. v. Worrell, supra; Taylor v. Carrow, supra; Crocker v. Vann, supra.*

The clerk may, upon the hearing on the report of the commissioners, confirm the report or set the same aside and order a sale. His judgment on appeal may be reviewed by the judge and reversed, modified or confirmed and the judge has the authority to set aside the report and order a sale. *Taylor v. Carrow, supra.* It makes no difference that the appeals may go up to different judges. The appeals are all from the

clerk to the judge of the Superior Court. The former judgments of the judge, being interlocutory, are subject to be set aside or modified by him or his successors. *Taylor v. Carrow, supra.*

· Being better advised by the report of the commissioners the clerk, upon the motion for confirmation, or the judge on appeal, may find that the former order directing actual partition was impracticable and that a sale is essential to do justice between the parties. When the court has the information coming from disinterested commissioners appointed by the court it then, perhaps, can form a more satisfactory opinion as to the rights of the parties. *Taylor v. Carrow, supra.*

Likewise, it may be that upon the report of the commissioners appointed to make an actual partition the plaintiffs will be content with the allotment made. In any event, they should now note their exception and then challenge the inequity of the division made by exceptions to the report of the commissioners. Then the whole matter may come up on appeal from the final order, should the plaintiffs be dissatisfied therewith.

It is well to note that there is a distinction between orders directing an actual partition and orders directing a sale for partition.

A tenant in common is entitled, as a matter of right, to partition of the land held in common to the end that he may have and enjoy his share therein in severalty unless it is made to appear by satisfactory proof that an actual partition of the land cannot be made without injury to some or all of the parties interested. C. S., 3233; *Windley v. Barrow,* 55 N. C., 66; *Holmes v. Holmes,* 55 N. C., 334; *Haddock v. Stocks,* 167 N. C., 70, 83 S. E., 9; *Foster v. Williams,* 182 N. C., 632, 109 S. E., 834; *Barber v. Barber,* 195 N. C., 711, 143 S. E., 469; *Talley v. Murchison,* 212 N. C., 205, 193 S. E., 148. Consequently, a decree denying the right to actual partition and ordering a sale affects a substantial right which is not again presented to the court for review by exceptions to the report of the commissioner appointed to make sale. This Court will entertain appeals therefrom. *Talley v. Murchison, supra; Trust Co. v. Watkins,* 215 N. C., 292, 1 S. E. (2d), 853; *Windley v. Barrow, supra; Trull v. Rice,* 85 N. C., 327; *Barber v. Barber, supra.*

The motion of the appellees to dismiss the appeal for that it is premature must be sustained.

Appeal dismissed.