MARY RUTH HORNE AND HUSBAND, JAMES D. HORNE v. HETTIE GRIFFIN HORNE, WIDOW; AND JESSE BRADY HORNE AND WIFE, ELIZABETH ARNEY HORNE.

(Filed 29 April, 1964.)

**1. Appeal and Error § 3—**

Ordinarily, order of the judge affirming the clerk in ordering actual partition is an interlocutory order and not appealable, but a decree denying the right to actual partition and ordering a sale is appealable. In the instant case order of sale might have ensued sequent the order appealed from, and the appeal is allowed.

**2. Partition § 1—**

A tenant in common has the right to insist that the entire lands owned by them be partitioned in the one proceeding even though it is necessary to allot the widow's dower and partition the lands subject to the dower estate. G.S. 46-15.

APPEAL by respondents from *Brock, Special Judge,* at Chambers in Wadesboro, North Carolina, 19 October 1963. From ANSON.

This is a special proceeding brought by the petitioners for the allotment of dower and partition of land between the two tenants in common.

Petitioners allege and respondents admit that Brady B. Horne, late of Anson County, North Carolina, died intestate in 1958, leaving him surviving his widow, Hettie Griffin Horne, and two children, Mary Ruth Horne Horne (whose spouse is James D. Horne), and Jesse Brady Horne (whose spouse is Elizabeth Arney Horne); that at the time of his death he owned 46 acres of land as described in the petition; that said tract of land is now owned by Mary Ruth H. Horne and Jesse B. Horne, subject only to the dower interest of their mother, Hettie Griffin Horne.

Petitioners allege and respondents admit that "the nature and size of said land is such that an actual division thereof can be made among the said tenants in common without injury to any of the parties in interest."

The Assistant Clerk of the Superior Court of Anson County ordered the allotment of dower, that only the remaining portion of the said 46 acre tract, after allotment of dower, be partitioned between the tenants in common, and that "any of the parties hereto shall be allowed ten days within which to file supplemental pleadings as they so desire on the question of whether actual partition of the remainder interest in the dower land can be made without injury to some or all of the parties interested."

The respondents appealed to the judge of the Superior Court who heard the matter by consent at Chambers.

The judge ordered (1) that the widow's dower be allotted; (2) "(t)hat the remainder of said forty-six acre tract (excluding that part allotted as dower) be partitioned between the two tenants in common, Mary Ruth Horne and Jesse Brady Horne, in two equal shares in point of value as near as possible * * *"; (3) that, "(e)xcept as modified herein, the order of the Assistant Clerk of the Superior Court of Anson County is affirmed"; and (4) that "(t)his cause is remanded to the Clerk of the Superior Court of Anson County for further proceedings herein not inconsistent with this order; and for the adjudica-

tion, upon the further application of either party, as to the susceptibility of the dower to an actual partition between the two tenants in common, subject to the life estate of the widow."

From the foregoing order the respondents appeal, assigning error.

*Taylor, Kitchen & Taylor for petitioner appellees.*
*E. A. Hightower for respondent appellants.*

DENNY, C.J. The question posed for determination on this appeal is whether or not the respondent Jesse Brady Horne is entitled to have the entire 46 acre tract of land partitioned between the two tenants in common, subject to the dower of Hettie Griffin Horne.

It is provided in pertinent part by G.S. 46-15: "When there is dower or right of dower on any land, petitioned to be sold or divided in severalty by actual partition, the woman entitled to dower or right of dower therein may join in the petition. *The land to be divided in severalty shall be allotted to the tenants in common * * * subject to the dower right or dower,* and either may be asked and assigned at the same time that partition thereof is made and by same commissioners * * *." (Emphasis added.)

Dower may be allotted and the lands partitioned among the tenants in common in the same proceeding. *Vannoy v. Green,* 206 N.C. 77, 173 S.E. 277; *Baggett v. Jackson,* 160 N.C. 26, 76 S.E. 86; McIntosh, North Carolina Practice & Procedure, Partition, section 2402, at page 502.

Ordinarily the order of a judge affirming the clerk in ordering actual partition is an interlocutory order and is not *res judicata* and therefore not appealable. *Hyman v. Edwards,* 217 N.C. 342, 7 S.E. 2d 700; *Navigation Co. v. Worrell,* 133 N.C. 93, 45 S.E. 466.

On the other hand, a decree denying the right to actual partition and ordering a sale, affects a substantial right from which an appeal may be taken. *Hyman v. Edwards, supra.*

In the instant case, it may be that the order entered below, if no appeal had been taken therefrom, would result eventually in the necessity for a sale of that portion of the 46 acre tract allotted as dower. The respondent Hettie Griffin Horne, widow of Brady B. Horne, in her answer requested the appointment of commissioners to allot to her one-third in value of said tract of land, including the dwelling house and outbuildings and improvements appurtenant thereto, for the term of her natural life.

In the case of *Luther v. Luther,* 157 N.C. 499, 73 S.E. 102, it is said: "The authorities seem to agree that tenants in common cannot, *as a matter of right,* have partial partition of the lands owned by them, and

that when only a part of the land is described in the petition the defendant may allege that there are other lands owned in common and have them included in the order of partition. 30 Cyc., 177; *Brown v. Lynch,* 21 Am. St., 473; *Bigelow v. Littlefield,* 83 Am. Dec., 484.

"In the last case cited, the Court says: 'One tenant in common cannot enforce partition of part only of the common estate. * * * Such a course would lead to fraud and oppression * * *.'

"If a different rule should be adopted and three or four small tracts of land were owned in common, separate petitions could be filed for each, costs would be increased, and frequently sales for division would be necessary, when if all were included in one petition an actual partition would be practicable."

In 40 Am. Jur., Partition, section 32, page 27, it is said: "It is a well-established rule that a suit for partition should include all the lands of the original cotenancy, and if it does not, any party, whether his interest extends through all such lands or is restricted to some specific part, may insist that the omitted land or lands be included in the suit, and that all persons be made parties whose presence is necessary to a partition with such lands included * * *. Where two or more persons become cotenants either of a single or of several distinct tracts of land, each of them is entitled to partition of all their common property, within the jurisdiction of the court, by a single proceeding, and cannot be deprived of this right by any act or conveyance of any of his cotenants. * * * The fact that one cotenant has mortgaged a part of the lands of the cotenancy does not entitle the others to partition of that part of the land only not covered by the mortgage * * *.

"If cotenants own two tracts, they may voluntarily divide one of them, or they may ask the court to divide one of them, without depriving themselves of the right or the court of jurisdiction subsequently to apportion the other. * * *"

The case of *Seaman v. Seaman,* 129 N.C. 293, 40 S.E. 41, holds that where a petitioner petitions the court for sale of land for partition, and one of the respondents is a widow entitled to dower, the dower should be allotted before the land is sold.

Likewise, in *Baggett v. Jackson, supra,* it was held that, although M. A. Baggett might be the owner of a life estate, the petitioning cotenants could have actual partition of the remainder. The Court said: "The law was otherwise prior to chapter 214 of Laws 1887, section 2 of which is copied in section 2508 of the Revisal (now codified as G.S. 46-23), which reads as follows: 'The existence of a life estate in any land shall not be a bar to a sale for partition of the remainder or reversion thereof, and *for the purposes of partition the tenants in common shall*

*be deemed seized and possessed as if no life estate existed.* But this shall not interfere with the possession of the life tenant during the existence of his estate'." (Emphasis added.)

In the instant case, all parties agree that the entire 46 acre tract can be partitioned without injury to any of the parties in interest, consequently, the provisions of G.S. 46-16 and G.S. 46-22 are not applicable to this proceeding.

Where there is no allegation, proof, or finding that an actual partition cannot be made without injury to some or all of the parties, the court is without jurisdiction to order a sale. *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369.

In the absence of any allegation, proof, or finding that the entire tract owned by the tenants in common herein cannot be partitioned without injury to any of the parties in interest, the tenants in common are entitled to have the entire 46 acre tract allotted in severalty to the tenants in common, subject to the dower of Hettie Griffin Horne, as authorized by G.S. 46-15.

This cause is remanded for further proceeding not inconsistent with this opinion.

Error.