KATIE H. WILLIAMS v. OLIVER HERRING, INDIVIDUALLY AND AS
  CO-EXECUTOR OF THE ESTATE OF SARA E. HERRING, DE-
  CEASED; THEODORE HERRING, INDIVIDUALLY AND AS
  CO-EXECUTOR OF THE ESTATE OF SARA E. HERRING,
  DECEASED; ELIZABETH T. HERRING, RETHA MAE SMITH;
  RUSSELL SMITH, CLARA PEARL LYNN; HERBERT LYNN;
  VELMA WRAY HOWARD; EDWARD HOWARD; LEWIS S. MIL-
  LER; TOMMY MILLER; NANCY D. MILLER; JULIAN D. MILLER;
  RACHEL A. MILLER; JOHN W. MILLER; DOROTHY C. MILLER;
  KAY MILLER MASON; A. A. MASON, JR.; JEWELL M. WHITE;
  IVEY J. WHITE; EDWARD MILLER; CAROL M. MILLER; PA-
  TRICIA M. HOWARD; RODNEY C. HOWARD; JACK C. MILLER;
  ROSE H. MILLER; JACKIE M. STROUD; H. DENNIS STROUD;
  ARTIE D. MILLER; DENNIS MILLER; RUTH S. MILLER; BOBBY
  HERRING; AND SHIRLEY HERRING

No. 734SC789

(Filed 12 December 1973)

**Judgments § 37— partition proceeding — judgment affirmed on appeal —
judgment as res judicata**

> Trial court's judgment requiring partition of lands held by ten-
> ants in common was *res judicata* in determining the parties' interests
> where that judgment was appealed and the case was considered on
> its merits by the Court of Appeals.

APPEAL by respondents Retha Mae Smith, Clara Pearl
Lynn and Velma Wray Howard from *Cohoon, Judge,* 25 June
1973 Civil Session of Superior Court held in DUPLIN County.

This cause was instituted as a special proceeding for the
partition of 11 tracts of land among tenants in common. In an
amendment to their answer, appellants denied that their inter-
est in the land was the interest alleged in the petition and
amendments thereto. Thereupon, the Clerk of Superior Court
entered an order transferring the cause to the civil issue docket.

On 21 December 1971, following a hearing, Webb, Judge,
entered a judgment determining, among other things, that each
of appellants owned one-seventh interest in the land; he ordered
the cause transferred back to the Clerk for appointment of
commissioners and division of the lands consistent with the
judgment. Appellants (and certain other respondents) appealed
from Judge Webb's judgment.

In an opinion filed 23 August 1972 and reported in 15 N.C.
App. 642, 190 S.E. 2d 696 (1972), this court rejected the conten-
tions of appellants and, with minor modification not affecting

the interests of the parties in the land, affirmed the Webb judgment. Further information with respect to the names and interests of the parties is set forth in the former opinion and no useful purpose would be served by a restatement here.

Following our former opinion, the cause was remanded to the Clerk of Superior Court, commissioners were appointed, and on 10 April 1973 the commissioners filed their report in which they partitioned the land into seven equal shares, and allotted the same, as provided by the Webb judgment. Appellants filed exceptions to the report on the ground that each of them is entitled to more than a one-seventh interest in the land. The Clerk overruled the exceptions and confirmed the report of commissioners.

Appellants appealed from the Clerk's order of confirmation. The cause came on for hearing before Judge Cohoon who, after making appropriate findings of fact, concluded that the judgment of the Court of Appeals is *res judicata* as to the interests of appellants and that each of the appellants owns a one-seventh interest in the land. He ordered that the report of commissioners be confirmed. Appellants appealed to this court.

*Barnes & Braswell by Henson P. Barnes for respondent appellants.*

*Kornegay & Bruce by George R. Kornegay, Jr.; Chambliss, Paderick & Warrick by Benjamin R. Warrick; Turner and Harrison by Fred W. Harrison; and, Vance B. Gavin for petitioner and respondent appellees.*

BRITT, Judge.

Appellants contend that each of them owns more than one-seventh interest in the lands and that the judgment of Judge Webb, affirmed by this court, is not *res judicata* in determining their interests. We reject this argument and hold that the judgment is *res judicata*.

In *Masters v. Dunstan*, 256 N.C. 520, 523-524, 124 S.E. 2d 574, 576 (1962), in an opinion by Justice Clifton L. Moore, we find:

> " 'It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties

and privies, in all other actions involving the same matter.' *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157. ' . . . (W)hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.' *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524, citing and quoting *Armfield v. Moore,* 44 N.C. 157."

See also *Morris v. Perkins,* 6 N.C. App. 562, 170 S.E. 2d 642 (1969).

Appellants argue that the former appeal was from an interlocutory order; that the order was not appealable, therefore, the judgment of Judge Webb was not *res judicata.* In support of their argument, they cite *Hyman v. Edwards,* 217 N.C. 342, 7 S.E. 2d 700 (1940). We think there is an obvious distinction between the cases.

In *Hyman,* the petition asked for a sale of the land for partition. One of the respondents filed answer alleging that the land was capable of actual partition and asked for that relief. Following a hearing, the Clerk ordered an actual partition and appointed commissioners. Petitioners appealed and the judge affirmed the Clerk's order. Petitioners thereupon appealed to the Supreme Court and respondents filed a motion to dismiss the appeal. The Supreme Court did not consider the case on the merits but allowed the motion to dismiss the appeal on the ground that petitioners had appealed from an interlocutory order.

In this cause, there was no motion to dismiss the former appeal and this court proceeded to pass upon the merits of the case. Therefore, as to the parties to this cause, the Webb judgment is conclusive "of rights, questions and facts in issue" at that time. The interests of the respective parties, including appellants, in the land was the principal issue at the time of the Webb judgment and the appeal to this court therefrom.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge CAMPBELL concur.