THE NORTHWESTERN BANK, TRUSTEE OF INTER VIVOS TRUST CREATED BY REUBEN B. ROBERTSON, DECEASED, PETITIONER v. LOGAN T. ROBERTSON, INDIVIDUALLY AND AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF REUBEN B. ROBERTSON, DECEASED; AMERETTE ROBERTSON, A MINOR; LAURA LEE SAFFORD; RUFUS LASHER SAFFORD; RUFUS BRADFORD SAFFORD, A MINOR; GEORGE SCOTT SAFFORD, A MINOR; LILLIAN ROBERTSON SHINNICK; JOSEPH N. SHINNICK; ROBERTSON WILLIAM SHINNICK, A MINOR; LAURA ELIZABETH SHINNICK, A MINOR; LOGAN T. ROBERTSON, JR.; MARY NORBURN ROBERTSON; SCOTT A ROBERTSON, A MINOR; ASHLEY NICHOLETTE ROBERTSON, A MINOR; HOPE T. NORBURN; RICHARD A. FARMER; LAURA LEE FARMER, A MINOR; CYNTHIA ANN FARMER, A MINOR; RICHARD R. FARMER, A MINOR; CHARLES R. NORBURN; RUSSELL L. NORBURN, JR.; HELEN H. NORBURN; ROBERT E. NORBURN, A MINOR; CHRISTOPHER S. NORBURN, A MINOR; REUBEN B. ROBERTSON, III; DANIEL H. ROBERTSON; SARAH HOPE ROBERTSON, A MINOR; PETER T. ROBERTSON; MARGARET ROBERTSON WHITE LaFORCE; RICHARD LaFORCE, JR.; LAURENS T. WHITE, A MINOR; LOUISA H. ROBERTSON; GEORGE W. ROBERTSON; AND MAY HOLTZCLAW, RESPONDENTS

No. 7728SC917

(Filed 16 January 1979)

1. **Rules of Civil Procedure § 60— re-opening case—no relief from earlier judgment sought—Rule 60 inapplicable**

Since petitioner did not seek relief from an earlier declaratory judgment action, G.S. 1A-1, Rule 60(b)(6) was not applicable to give the court authority to re-open the case, and the court, in entering the second judgment, went beyond correcting a clerical error in the first judgment and thus exceeded any authority vested in him by Rule 60(a); however, the judge did have authority under G.S. 1-259 to re-open the case for further relief.

**2. Trusts § 5.1— declaratory judgment ordering priorities—ambiguity and incompleteness**

In a declaratory judgment proceeding where the first judgment ordered priorities for the distribution of trust assets and petitioner trustee sought to re-open the case for advice concerning distribution of the reduced assets of the trust, the trial court's second judgment which established an order of priority for payment of all "residual claims against the trust" was so ambiguous and incomplete as to leave the trustee to conjecture and speculation as to where substantial claims against the estate should be placed in the ordering of priorities.

**3. Trusts § 5.1— judgment directing payment of assets—mandatory designation that interest be used**

It is imperative that any judgment directing the application of assets comprising both principal and income interests of a trust to the payment of various claims against the estate designate that interest to be used in meeting any particular claim.

APPEAL by respondent, Logan T. Robertson, from *Martin, Judge (Harry C.)*. Judgment entered 10 June 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 22 August 1978.

This is a declaratory judgment proceeding instituted by petitioner, Northwestern Bank, pursuant to Chapter 1, Article 26 of the North Carolina General Statutes. The petition contains allegations to the following effect:

On 6 December 1971 Reuben B. Robertson established an inter vivos trust designating the petitioner as trustee. On 27 November 1972 the settlor "executed and forwarded to petitioner a new agreement purporting to amend and restate" the earlier agreement. The trust was further amended by a letter from the settlor to the petitioner dated 25 December 1972. The settlor died on 26 December 1972, leaving a will and five codicils. It is believed that the settlor left most of his property in trust with petitioner and the value thereof exceeds $1,300,000.00. The executor of the settlor's will has informed the petitioner that the assets of the estate are insufficient to pay the specific bequests under the will, the federal and state taxes, and the costs of administration.

On the basis of these allegations the petitioner sought the court's interpretation of the various instruments concerned and submitted specific questions concerning its fiduciary duties as trustee.

The trust agreement, as amended on 27 November 1972, is summarized and quoted in pertinent part as follows: During the settlor's life the trustee shall pay to him the entire net income of the trust. Following his death the trustee shall pay to Asheville Orthopedic Hospital, Inc., the sum of $50,000; to May Holtzclaw, a former employee of the settlor, an annuity of $200 per month for the remainder of her life; to Logan T. Robertson, the settlor's son, the entire net income of the trust for life; and to the four children of Logan Robertson the residue of the trust in sums of equal amounts.

### ARTICLE EIGHT

The TRUSTEE shall pay to the SETTLOR'S Executors or Administrators, upon the request of such Executors of [sic] Administrators, such sum or sums out of the principal of this Trust as the SETTLOR'S Executors or Administrators in their sole discretion shall determine to be necessary for the purpose of enabling such Executors or Administrators to pay all or any part of SETTLOR'S just debts, his funeral expenses, costs of administration of his estate and the inheritance and estate taxes payable upon or by reason of SETTLOR'S death;
. . .

The Settlor's son, Logan Robertson, is authorized "to withdraw from the principal of this trust the amount of $275,000 or any lesser amount by written notice to the TRUSTEE."

In his letter written the day before his death, the settlor amended the foregoing trust agreement by directing the trustee to set aside $400,000 to be invested by his son, Logan Robertson. The letter also included the following provision:

Paragraph #8 of the Trust Agreement dated November 27, 1972 is to be interpreted in such a fashion as to take maximum advantage of the tax laws of the United States and the State of North Carolina, but shall not be construed or interpreted as restricting the use and application of the assets of the trust for payments of my debts or the expenses of the administration.

The settlor's will was executed on 6 December 1971 and amended by five codicils. Therein the settlor made a specific bequest to the Robertson Memorial Young Men's Christian Associa-

tion among others and left the residue of his estate to the inter vivos trust.

The trial court entered judgment in January, 1976, in which it declared the following:

4. The Trustee has authority to pay to or for the estate of Reuben B. Robertson, deceased, any and all Federal estate taxes, North Carolina inheritance taxes, specific bequests under the Will of Reuben B. Robertson, deceased, and all costs of administration.

5. The sum of $400,000.00, referred to by amendment to the trust dated December 25, 1972, is reduced on a pro rata basis since the trust will pay all Federal estate and North Carolina inheritance taxes due by the estate of Reuben B. Robertson.

6. Since the Trustee is directed to pay from the trust the Federal estate and North Carolina inheritance taxes, specific bequests, and costs of administration, the right of withdrawal from the principal of the trust of $275,000.00 by Dr. Logan T. Robertson, designated in Article IX of the Agreement dated November 27, 1972, is reduced on a pro rata basis.

7. The Trustee's direction to pay May Holtzclaw $200.00 per month for life takes priority over the direction to pay Dr. Logan T. Robertson the entire net income of the trust during his lifetime.

8. The Codicil of Reuben B. Robertson dated September 26, 1972, giving to Robertson Memorial Y.M.C.A. of Canton the sum of $35,000.00, supersedes — and not in addition to — Codicil dated March 24, 1972, in which Reuben B. Robertson bequeathed the Robertson Memorial Y.M.C.A. of Canton the sum of $25,000.00.

No appeal was taken from this judgment.

Over a year later the petitioner submitted a request for further instructions in the form of a memorandum to "the Honorable Harry C. Martin, Superior Court Judge." In this memorandum the petitioner stated that since the entry of the judgment in the

declaratory judgment proceeding taxes had been assessed against the estate, and that after payment of these taxes the liquid assets of the trust would be reduced to $83,926. The petitioner alleged that it had insufficient funds with which to comply with the directions of the settlor and requested the "advice of the Court as to the disposition of the remaining assets in the trust estate."

At a hearing conducted on 23 March 1977 the trial court heard the testimony of a trust officer of petitioner. Based on this testimony the court found that "the Trustee has on hand, as of March 11, 1977, the sum of $96,826.09, of which amount $68,813.02 represents income received by the Trustee and which has not been distributed" and "that the Trustee has distributed no income to the beneficiaries under the trust since May 15, 1974." The court further found that the trustee is a holder of a note "secured by deed of trust, having a face value of said date of $20,396.58, said note being payable over a period of time so that the actual cash value is probably less than the face value." The court then ordered "pursuant to Rule 60(b)(6)" that the "case is reopened for further instructions of the court."

In a judgment entered on 10 June 1977 the court concluded and ordered that the assets of the trust be applied in the following priority:

> (a) to the payment of any fiduciary income taxes or other taxes which may be lawfully due and to the payment of the costs of this proceeding;

> (b) to the cost of the administration of the estate and the Inter Vivos Trust of Reuben B. Robertson, deceased;

> (c) to the debts of the estate of Reuben B. Robertson, deceased;

> (d) to the specific bequests under the Inter Vivos Trust of Reuben B. Robertson, deceased;

> (e) to Logan T. Robertson, individually.

Respondent Logan T. Robertson, in his individual capacity, appealed.

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, by Albert L. Sneed, Jr., for the respondent appellees.*

*Pitts, Hugenschmidt & Krause, by James J. Hugenschmidt for respondent appellant Logan T. Robertson.*

HEDRICK, Judge.

The appellant argues five assignments of error in his brief challenging in turn the priority of payment given each of the five classifications of claims against the settlor's estate in the judgment appealed from. At the foundation of each of these arguments is the contention that the trial court erred in failing to distinguish between principal and income in establishing these priorities.

On the other hand, the appellee contends that the first judgment of January, 1976, which was not appealed constitutes the law of the case, and that the second judgment does not add thereto except in its inclusion of debts in the third order of priority. The appellee argues that by law as well as by the intent of the deceased, debts of the estate must be afforded preferred status along with taxes and costs which were clearly provided for in the first judgment. Accordingly, the category of debts which was omitted from the first judgment by oversight could be inserted by the trial judge by authority of Rule 60(a).

At the outset we think it necessary to examine the appellee's contentions concerning the status of the first judgment and the procedural development of this case. The first judgment which was entered in January of 1976 purported to answer specific questions raised by the petitioner in its petition for declaratory judgment. As previously stated, none of the parties sought appellate review of this judgment. Without expressing any view as to the propriety of the trial judge's conclusions therein, we think the January 1976 judgment established the law which is binding on the parties to this proceeding. *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524 (1957). *See also, King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973); *Williams v. Herring,* 20 N.C. App. 183, 201 S.E. 2d 209 (1973).

[1]   The case was re-opened upon the motion of the petitioner who sought further instructions supplementary to the January

1976 judgment. Since petitioner was not seeking relief from that judgment, Rule 60(b)(6) of the North Carolina Rules of Civil Procedure, upon which the trial judge relied in re-opening the case, is not applicable. Furthermore, as we shall point out, in entering the second judgment the trial judge went beyond correcting a clerical error in the first judgment, and thus, exceeded any authority vested in him under Rule 60(a). However, we do find authority in G.S. § 1-259 for the trial judge to re-open this case for "[f]urther relief based on a declaratory judgment or decree . . . whenever necessary or proper."

Consideration of the substantive aspects of this case entails an examination of the two judgments individually and in conjunction with one another. The first judgment, which we have found to be the law of the case, granted to the trustee in Paragraph 4 general authority to pay on behalf of the settlor's estate all "Federal estate taxes, North Carolina inheritance taxes, specific bequests under the Will of Reuben B. Robertson, deceased, and all costs of administration." Paragraph 6 directs the trustee to reduce the appellant's right of withdrawal from the principal of the trust of $275,000.00 pro rata "[s]ince the Trustee is directed to pay from the trust the Federal estate and North Carolina inheritance taxes, specific bequests, and costs of administration." We think it is clear that the designation of "specific bequests" in this paragraph refers to Paragraph 4 which specifies "specific bequests under the Will" of the settlor. Moreover, the reference to taxes, specific bequests under the will, and costs of administration is implicit in Paragraph 5 in light of the trial judge's finding addressed to the same matter. In sum, while the language in the foregoing provisions is less than precise, in our opinion they establish the priority of taxes, specific bequests under the will and costs of administration over the appellant's right to invade the principal of the trust to the extent of $275,000 for any purpose and to the extent of $400,000 for investment purposes. The final provision with which we are concerned expressly grants priority to the annuity of $200 per month for life to May Holtzclaw over the appellant's income interest under the trust agreement.

[2] In its motion seeking to re-open the case the petitioner enumerated its obligations under the trust agreement as well as its obligation pursuant to the first judgment to pay the specific

bequest under the settlor's will to Robertson Memorial Y.M.C.A. It then requested instructions as to the disposition of its limited assets. In our opinion the judgment rendered was only partially responsive to petitioner's request. The judgment purports to provide guidance to the trustee by establishing an order of priority for payment of all "residual claims against the trust." However, the judgment omits any reference to "specific bequests under the will" which the trustee was authorized and directed to pay in the first judgment. Furthermore, in addition to adding the category of "debts" to the list of claims against the estate, the second judgment inserts a general category of "specific bequests under the trust" as fourth priority. This general category includes all specific bequests under the trust agreement not specifically included in the first judgment, notably the specific bequest to Asheville Orthopedic Hospital of $50,000. While it is clear from the first judgment that the appellant's income interest has been subordinated to the annuity to May Holtzclaw, it is not at all clear as to the relative status of these bequests, the specific bequests under the trust to the appellant of the right to invade corpus, and the specific bequests under the will. In short, the second judgment is so ambiguous and incomplete as to leave the trustee to conjecture and speculation as to where substantial claims against the estate should be placed in the ordering of priorities.

[3] Finally, as the appellant contends, we think it imperative that any judgment directing the application of assets comprising both principal and income interests of a trust to the payment of various claims against the estate designate that interest to be used in meeting any particular claim. *See*, North Carolina Principal and Income Act of 1973, G.S. §§ 37-16 to -40. From our reading of the two judgments it appears that since the trial court clearly relegated the appellant's interest of the entire net income of the trust to the lowest order, it intended that the income be added to the corpus to pay all claims and that the appellant take any balance remaining after the payment thereof. However, if such was the intent of the trial judge we think he was bound to express it in more explicit terms, especially in view of Paragraph 8 of the trust agreement in which the settlor provides that taxes, debts, funeral expenses and costs of administration be paid from the principal of the trust.

The key to the resolution of these questions is in the hands of the trial court. In construing the various instruments concerned in this case, it must attempt to ascertain the intent of the settlor with respect to the disposition of the limited assets among the various claims. *Callaham v. Newsom*, 251 N.C. 146, 110 S.E. 2d 802 (1959). This can be accomplished only by scrutinizing the several instruments with particular attention to Paragraph 8 of the trust agreement, as amended by the letter of 25 December 1972.

In our opinion, the following principles set forth in 46 Am. Jur. 2d, *Judgments*, § 67 (1969), are applicable to the case before us:

> It is a fundamental rule that a judgment should be complete and certain in itself, and that the form of the judgment should be such as to indicate with reasonable clearness the decision which the court has rendered, so that the parties may be able to ascertain the extent to which their rights and obligations are fixed, and so that the judgment is susceptible of enforcement in the manner provided by law. A failure to comply with this requirement may render a judgment void for uncertainty.

*See also Gibson v. Insurance Co.*, 232 N.C. 712, 62 S.E. 2d 320 (1950); *Tucker v. Bank*, 204 N.C. 120, 167 S.E. 495 (1933); *Smothers v. Schlosser*, 2 N.C. App. 272, 163 S.E. 2d 127 (1968). As we have pointed out, the judgment appealed from which purports to establish the priority of payment of all claims against the estate omits claims of a substantial nature as well as leaving other matters unresolved. Thus, we do not think the parties to this action can with any certainty carry out its directives. Nor can we as an appellate court cure its infirmities. The judgment of 10 June 1977 is vacated and the cause remanded to the Superior Court for a new trial.

New trial.

Chief Judge MORRIS and Judge WEBB concur.