CHARLES MORROW v. BONNIE K. MORROW, AND RONALD C. KIRK, AS SUBSTITUTED DEFENDANT

No. 8819DC1276

(Filed 6 June 1989)

**Judgments § 17.1; Husband and Wife § 10.1— memorandum of judgment/order — standard separation agreement — void for indefiniteness**

     The trial court erred in a divorce action by denying plaintiff's Rule 60 motion and by allowing defendant's Rule 70 motion to direct plaintiff to sign a "standard separation agreement" where the parties had signed a "memorandum of judgment/order" which stated that the parties were entitled to a divorce and agreed to execute a standard separation agreement, defendant died, and plaintiff demanded his statutory spousal share. The provision in the memorandum of judgment/order stating that each party was entitled to a divorce from bed and board was merely a recitation and was under no circumstances a judgment of divorce; North Carolina law does not recognize any particular form as a standard separation agreement; and it follows that, if the memorandum of judgment/order was void for indefiniteness, then there was no authority to order the parties to comply with its terms.

MORROW v. MORROW

[94 N.C. App. 187 (1989)]

APPEAL by plaintiff from *Montgomery, Judge*. Order entered 7 April 1988 in District Court, ROWAN County. Heard in the Court of Appeals 15 May 1989.

This is a civil action wherein plaintiff sought a divorce from bed and board from defendant pursuant to G.S. 50-7. Plaintiff's complaint was filed on 12 September 1986, but defendant filed no answer. The matter came before Judge James Dooley on 25 November 1986, and the record discloses that on that date the following "Memorandum of Judgment/Order" was entered:

THIS CAUSE having been settled between the above parties upon the following terms:

1. Each party shall be entitled to a divorce from bed and board from each other and agree to execute a standard separation agreement.

A typewritten Order containing appropriate findings of fact and conclusions of law and reflecting said terms will be prepared by *Hancock* and submitted for signing by the undersigned Judge no later than *2 weeks*. The parties stipulate that the signing of this memorandum constitutes entry the Judgment/Order in this action, that this Memorandum is enforceable by the Court, that the typewritten Judgment/Order may be signed out of term and out of county, that the further signatures of the parties and their attorneys will be be [sic] necessary, and that said attorneys will be released as attorneys of record upon signing of the typewritten Judgment/Order.

This the *25* day of *Nov*, *1986*.

s/ *James Dooley*
Judge Presiding
James Dooley

s/ *Charles E. Morrow*          s/ *Bonnie K. Morrow*
Plaintiff                       Defendant

s/ *R. Darrell Hancock*         s/ *Mona Lisa Wallace*
Attorney for Plaintiff          Attorney for Defendant

On 12 December 1986, 17 days after the "Memorandum of Judgment/Order" was entered, defendant died. Plaintiff demanded his statutory spousal share. Ronald C. Kirk, executor of defendant's estate, was substituted as defendant on 23 September 1987.

MORROW v. MORROW

[94 N.C. App. 187 (1989)]

Defendant, on 28 September 1987, filed a motion under Rule 70 to require plaintiff to execute a "standard separation agreement" as provided by the "Memorandum of Judgment/Order." On 2 October 1987, plaintiff filed a motion under Rule 60 to have the "Memorandum of Judgment/Order" declared void. On 7 April 1988, the trial court entered an order making detailed findings of fact and conclusions of law. The court denied plaintiff's Rule 60 motion and allowed defendant's Rule 70 motion which directed plaintiff to sign a "standard separation agreement.". Plaintiff appealed.

*George R. Hundley for plaintiff, appellant.*

*Jack E. Carter for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff assigns error to denial of his Rule 60(b)(4) motion to be relieved from the "Memorandum of Judgment/Order" and the court's allowing defendant's Rule 70 motion ordering plaintiff to "sign the separation agreement. . . ."

Plaintiff argues, among other things, that the provision in the "Memorandum of Judgment/Order" requiring him to "sign the separation agreement" is void for vagueness and that the court had no authority to order him to sign a separation agreement pursuant to the void "Memorandum of Judgment/Order." We focus our attention therefore on the question of whether the provision in the "Memorandum of Judgment/Order" entered on 25 November 1986 requiring plaintiff to sign a "standard separation agreement" is so vague and uncertain as to be impossible to enforce.

A judgment must be complete and certain, indicating with reasonable clearness the decision of the court, so that such judgment may be enforced. *Bank v. Robertson*, 39 N.C. App. 403, 250 S.E. 2d 727 (1979). If the parties are unable to ascertain the extent of their rights and obligations, a judgment may be rendered void for uncertainty. *Id.* This is equally true with judgments to which the parties have consented. *Hardy v. Crawford*, 62 N.C. App. 689, 303 S.E. 2d 388 (1983). Such indefinite judgments, although consented to by the parties, are void if they are indefinite, and they have no effect in future proceedings. *Id.*

In the present case, although Judge Montgomery found as a fact "[t]hat there is such a thing as a standard separation agreement," this finding has no support in our law. While we recog-

nize that some of the form books in general use by the profession contain forms for separation agreements, and members of our profession might from time to time refer to such forms as "standard separation agreements," our law does not recognize that any particular form is a "standard separation agreement" or that all separation agreements shall contain the same provisions. Thus, when the court in the "Memorandum of Judgment/Order" provided that plaintiff and defendant would sign a "standard separation agreement," neither the judge nor the parties nor the parties' attorneys knew with any certainty what specific or precise provisions such instrument would contain. It follows therefore that if the "Memorandum of Judgment/Order" was void, Judge Montgomery had no authority to order the parties to comply with any of its terms.

The provision in the "Memorandum of Judgment/Order" stating that "[e]ach party shall be entitled to a divorce from bed and board from each other" is merely a recital, and is under no circumstances a judgment of divorce from bed and board. This recital, together with other provisions written into the form, merely indicates the parties intended to settle the case then before the court by entering into a separation agreement in lieu of proceeding with the trial of the case for divorce from bed and board.

Finally, we note that the "Memorandum of Judgment/Order" in this case is a form apparently being used by some of the district judges in our state. Nothing we have said herein is to be construed in any way to discourage use of such forms. Indeed, we believe the practice will be helpful to all parties in certain cases, but as demonstrated by this case, it is important that all parties understand the proper use of these forms and the full legal significance of a "Memorandum of Judgment/Order" pending the preparation and signing of the formal judgment. As demonstrated by this case, the "Memorandum of Judgment/Order" must be sufficiently definite and certain so that it can be enforced.

For the reasons stated above, the order denying plaintiff's Rule 60(b)(4) motion is reversed, and the order granting defendant's Rule 70 motion is vacated, and the cause is remanded to District Court, Rowan County for entry of an order declaring the "Memorandum of Judgment/Order" entered on 25 November 1986 to be void.

Reversed, vacated, and remanded.

Judges ARNOLD and WELLS concur.