ROBERT E. LEE, NANCY LOUISE LEE LASSITER, AND JOYCE LEE
JACKSON v. ROSSIE B. BAREFOOT

No. 8111SC359

(Filed 15 December 1981)

**Guardian and Ward § 4; Partition § 10— sale of minors' land—confirmation—pur-
chase price not tendered—no passage of title**

> Although a decree of confirmation of a commissioner's sale of land owned
> by minors was entered, title to the land did not pass to the purchaser where
> the purchaser did not tender the purchase price of the land and the commis-
> sioner delivered no deed to the purchaser.

APPEAL by defendant from *Brannon, Judge.* Judgment
entered 18 November 1980 in Superior Court, HARNETT County.
Heard in the Court of Appeals 16 November 1981.

Plaintiffs brought a civil action to remove a cloud on their ti-
tle to twenty-one acres of land. The defendant answered and
counterclaimed to establish his claim to these lands. From a ver-
dict for plaintiffs, defendant appealed.

Emerald Lee, mother of the plaintiffs, initiated an *ex parte*
special proceeding in 1962 to sell twenty-one acres of land which
plaintiffs, her minor children, owned subject to Mrs. Lee's dower.
An attorney was appointed as next friend to the minor children,
and an order appointing a commissioner and authorizing him to
sell the land at private sale, to receive defendant's bid of $2000,
and to accept a deposit of 10% of the bid was entered. The sale
was confirmed on 12 June 1962 and the commissioner was
ordered to deliver a deed to the defendant upon the payment of
the $2000 purchase price. The commissioner received the $200
deposit but never received the balance of the purchase price, so
the sale was not completed. In July 1970, the commissioner serv-
ed the defendant with notice that he was going to move to vacate
and set aside the order confirming the sale. Defendant's counsel
contacted the commissioner's law partner and indicated some in-
terest in consummating the sale through payment of an amount
less than the $1800 difference between the approved purchase
price and the amount received by the commissioner. The commis-
sioner's son and law partner notified defendant's counsel in 1970
that Mrs. Lee did not care to go forward with the sale.

Mrs. Lee and her children have been in continuous possession of the property at all times since 1962. Defendant testified that he tendered the remainder of the $2000 purchase price to the commissioner in September, 1962. The commissioner's son and law partner, Max McLeod, testified that the commissioner had tried repeatedly to get the defendant to accept the deed to the property, with no response. The $200 deposit is still in that law firm's trust account and to Mr. McLeod's knowledge the defendant had never tendered the purchase price. The trial court concluded that plaintiffs are the fee simple owners of the land and that defendant had no valid claim or interest in the property.

*Johnson and Johnson by W. A. Johnson and Sandra L. Johnson for plaintiff-appellees.*

*Levinson and Berkau by James R. Levinson for the defendant-appellant.*

MARTIN (Robert M.), Judge.

The trial court found as fact that the sale of the land to the defendant was confirmed and then approved by Superior Court Judge Hall on 12 June 1962. The court further found that the defendant never legally tendered to the commissioner or to any other person the sum due for the land. The defendant excepts to this finding of fact. It is well-settled in North Carolina that the court on appeal is bound by the findings of fact made by the trial court where there is some evidence to support those findings, even if there is evidence to the contrary that would support a different finding. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). In this case, there was evidence, including Mr. McLeod's testimony, to support the trial court's finding of no tender. Thus defendant's assignment of error is without merit and is overruled.

Because we accept the trial court's finding that the defendant did not tender the purchase price of the property, we must further conclude that the defendant does not have any claim to the property in dispute. This case is governed by *Tayloe v. Carrow*, 156 N.C. 6, 9, 72 S.E. 76, 78 (1911) which held as follows:

No title vested until the decree of confirmation upon the final report of the commissioners. Until the decree of confirmation

the proceedings are not final, but interlocutory, and rest in the discretion of the court, even though the purchase money has been paid and the purchaser taken possession of the premises. Knapp on Partition, 335. On the other hand, even when there has been a decree of confirmation, title will not be executed until the purchase money *has been paid. Burgin v. Burgin,* 82 N.C., 197; White, ex parte, ib., 378. (Emphasis added.)

Consequently although the sale was confirmed, because the defendant never paid the purchase price, no title ever passed to him. *Accord, Crocker v. Vann,* 192 N.C. 422, 135 S.E. 127 (1926). The trial court correctly concluded that the plaintiffs were the fee simple owners of the land and that the defendant had no valid claim to the property in dispute.

Because defendant's other assignments of error are not determinative of the outcome of this case, we do not discuss them in this opinion.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.